WILLIAM BIMER, RELATOR, v. THE TOWN OF WEST HOBOKEN ET AL., DEFENDANTS.

Argued March 3, 1925—Decided March 14, 1925.

Officers—Title to Position of Member of Municipal Counsel—Action by Application for Mandamus—That Writ Will Not Issue Except Where the Act to be Done is Purely Ministerial and Legal Obligation to Perform is Clear—Quo Warranto Must be Employed to Test Title of Incumbent.

On rule. On *mandamus.*

Before Justices KALISCH, BLACK and CAMPBELL.

For the relator, *J. Emil Walscheid.*

For the respondents, *Abram C. Safyer* and *Conover English.*

PER CURIAM.

A rule to show cause was allowed why a writ of peremptory *mandamus* should not issue against the town of West Hobo-

ken, the mayor and members of the board of council to compel them to recognize the relator, William Bimer, as a member of the board of council from the Third ward of the town of West Hoboken.

The controversy grows out of the act of the legislature (*Pamph. L.* 1923, *p.* 243) providing for the consolidation of adjoining municipalities in the same county.

The relator claims to be the legal member of the board of councilmen from the Third ward, and Abel Bozzo claims to be such member. Abel Bozzo has been recognized as such member, hence, the controversy. Bozzo was elected at the general election held November 4th, 1924.

The relator seeks the intervention of this court by its writ of *mandamus.*

He relies upon the case of *Leeds* v. *Atlantic City,* 52 *N. J. L.* 332, to sustain his position. Manifestly, that case does not help him, because the *prima facie* right of the relator to be admitted to the office of sergeant of police in Atlantic City was *res adjudicata.* His status has been previously determined by the Supreme Court.

The writ of *mandamus* will not issue except where the act to be done is purely ministerial, and the legal obligation to perform it is clear. *West Jersey Railroad Co.* v. *Public Utility Board,* 85 *N. J. L.* 468; *affirmed,* 87 *Id.* 170.

The title of an incumbent to an office will not be directly passed upon by the Supreme Court except in a *quo warranto* proceeding brought against the incumbent himself. *Bumstead* v. *Blair,* 73 *N. J. L.* 378. The application for a writ of *mandamus* is refused and the rule to show cause discharged, with costs.