THE STATE, EX REL. SAMUEL ROSENBAUM ET AL., RE-
LATORS, v. THOMAS BUTLER. BUILDING INSPECTOR
OF THE CITY OF PLAINFIELD, ET AL., RESPONDENTS.

Submitted March 23, 1925—Decided April 18, 1925.

Mandamus—Awarded Only Where Right to Relief is Clear at the
Time of Award—Right to a Strip of Land for Building Pur-
poses in Question—This Question Must be Settled by Appro-
priate Proceedings Before Writ Can be Awarded.

On *mandamus.* On rule to show cause.

Before Justices KALISCH, BLACK and CAMPBELL.

For the relators, *Winfield S. Angleman.*

For the respondents, *Charles A. Reed* and *William F. Vos-
seller.*

PER CURIAM.

Relators leased the premises 126 to 130 Park avenue, in
Plainfield. One of the terms of such lease was that relators
should extend the present building on said premises in line
with other premises on Park avenue north of the present
building. The premises, 120 to 124 Park avenue, were also
included in said lease, and relators applied for and obtained
a permit to extend the building on such premises so that they
would be in line with buildings to the north. This required
an extension of some three or four feet. Such work was com-
pleted.

The permit for the extension of the building, 126 to 130
Park avenue, was issued, and relators entered into a contract
for the work. The premises were occupied by a tenant who
was paid $300 to vacate. Subsequently, the permit was
revoked upon the ground that the application therefor had not
been verified as required by the building code. In all proba-
bility the real reason for its revocation was the discovery of

an ordinance of 1873 fixing a building line on Park avenue, and a contention thereunder on the part of the city that the extension of the proposed building some three or four feet would be upon property of the city within the sidewalk line of Park avenue.

The parties in their briefs argue the matter as if such question as to this strip of three or four feet was one that could be decided upon this rule.

Of course, it cannot be.

"A writ of *mandamus* will not be awarded unless the right of the relief is clear at the time of the award." *State* v. *Newark*, 35 *N. J. L.* 396; *Hugg* v. *Ivins*, 59 *Id.* 139; *Vanatta* v. *Smith*, 61 *Id.* 188; *Gliestman* v. *West New York*, 74 *Id.* 74; *Secaucus* v. *Kiesewetter*, 83 *Id.* 227; *Connolly* v. *Smith*, 86 *Id.* 466.

From the proofs before us the right is not clear.

If the strip of land in question is part of the roadway of Park avenue included in the sidewalk of that thoroughfare, then respondents have no right to build thereon, and would not be entitled to a permit for that purpose.

This matter must be settled by some appropriate proceeding before the writ of *mandamus* can be awarded.

The rule to show cause is dismissed, with costs.