THE STATE, EX REL. CATHERINE JACOBS, RELATOR, v. JOSEPH H. ELWELL, BUILDING INSPECTOR OF CAPE MAY CITY, RESPONDENT.

Argued May 6th, 1930—Decided June 26, 1930.

Before Justices PARKER, CAMPBELL and BODINE.

For the relator, *Lewis T. Stevens.*

For the respondent, *S. Rusling Leap.*

PER CURIAM.

The holder of this rule to show cause is the owner of a plot of land in the city of Cape May, fronting on Beach avenue, and having made application to the building inspector and the governing body of Cape May City for a permit to erect a building on the "beach strand" in front of her property and such applications being denied now seeks the aid of the prerogative writ of *mandamus* to compel the issuance of such permit to her.

The riparian commissioners of the State of New Jersey, pursuant to a statute approved April 11th, 1864, entitled "A further supplement to an act entitled 'An act to ascertain

the rights of the state and of riparian owners in the lands lying under the waters of the bay of New York and elsewhere in this state,' " granted or attempted to grant certain riparian rights to William Weightman, Jr., in and to lands of which the lands of relator are a part, lying between high and low water mark of the Atlantic ocean but made such grant specifically subject "to any rights theretofore granted by the legislature of this state to the city of Cape May in and over the beach strand lying between high and low water mark of said Atlantic ocean, &c., * * *."

This reservation and exception has reference to a grant and authority, made and extended to the city of Cape May by an act of the legislature of May 3d, 1875, entitled "An act to revise the charter of the city of Cape May," in and by section 19 whereof it is enacted and provided:

"* * * that the city council shall have power within the city to make, establish, publish and modify, amend or repeal ordinances, rules, regulations and by-laws for the following purposes:

To ascertain and establish the boundaries of all streets, avenues, highways, lanes, alleys and *beach strand* in said city and prevent and remove all encroachments on said streets, avenues, highways, lanes, alleys and *beach strand*."

Under and pursuant to such legislative authority the city of Cape May on May 27th, 1878, adopted an ordinance entitled "An ordinance to ascertain and establish the boundaries of the beach or strand in the city of Cape May and for the prevention and removal of encroachments thereon." The lands described in such ordinance include all the beach strand along the Atlantic ocean from Cold Spring inlet to the west limits of the city of Cape May, which includes the strand, or the land between high and low water marks in front of the premises of the relator.

On July 18th, 1927, what is called a confirmatory grant of riparian rights was made to the owners of upland, including the lands of which the relator is now the owner. Such grant is specifically made "subject to any rights heretofore

granted by the legislature of this state to the city of Cape May in and over the beach strand, lying between high and low water marks of said Atlantic ocean  *  *  *."

Several questions are raised by the relator, the principal ones amongst which are the power of the legislature to grant to the city of Cape May the powers which were attempted by the act of 1875, *supra;* that such act is unconstitutional; that the ordinance of the city of 1878, *supra,* is uncertain as to the lands attempted to be brought under control and that such attempted control of the strand by the city under such ordinance is invalid because it is the taking of private property without compensation.

We think there is nothing of legal substance in any of these contentions and for that reason the application for the writ should be denied.

If, however, upon the other hand it can be said that these grounds are substantial then serious and important legal questions are raised by them reaching toward and into valuable property rights creating a situation where the right to the permit sought by the relator is uncertain, doubtful and not clear, and for that reason the discretion of this court should be exercised in the direction of refusing the writ applied for. *Board of Public Utility Commissioners* v. *Lehigh Valley Railroad Co.,* 7 *N. J. Mis. R.* 160, and cases therein cited.

The application for the writ of *mandamus* is, therefore, denied, and the rule to show cause is discharged, with costs.