HARRY F. MULLEADY ET AL., PROSECUTORS, v. CITY OF TRENTON ET AL., DEFENDANTS.

Submitted May 15, 1931—Decided November 4, 1931.

Before Justices TRENCHARD, DALY and DONGES.

For the prosecutors, *Joseph H. Carr* and *Sydney T. Smith.*

For the defendants, *Charles E. Bird* and *Romulus P. Rimo.*

PER CURIAM.

This is a rule to show cause why a writ of *certiorari* should not issue to review the action of the zoning board of adjustment of Trenton in refusing to grant to the prosecutors a building permit to enclose with glass and frame enclosure a porch on property owned by them at 245 Burt avenue, in said city.

The prosecutors did not desire to extend the outside line of said porch, but merely to erect the enclosure within the lines of the porch.

The permit was refused on the ground that it was in violation of section 12 of the zoning ordinance of Trenton. The pertinent part of said section is as follows:

"12. No building shall be erected and no building shall be reconstructed or altered so as to project in any wise beyond the average setback line observed by buildings on the same side of the street within the block, at the time of the passage of this ordinance. * * *"

It is the contention of the city that the building of the porch enclosure beyond the front wall of the house proper constitutes a violation of section 12.

1. The first contention of the prosecutors is that their proposed alteration does not come within the prohibition of the above language. This is based upon the proposition that the setback line is the front line of the porch while the city contends that it is the front line of the building itself. Apparently there is no definition in the zoning ordinance and the prosecutors point to the definition of building line contained in Trenton's building code. It seems to us that this can be properly taken into consideration. That definition is—

"A line formed by the outer face of the closing wall of a building or portion thereof and surface of the ground. Where porches, balconies, windows, gutters, eaves, gutters, cornices, stairways, areas, &c., project beyond the outer face of the enclosing walls of the building, the building line shall be the outer face of such projection."

Reference to the map of the two hundred block of Burt avenue indicates that the front line of the porch of prosecutors is within the average front porch line.

It seems to us that there is merit in the point of the prosecutors that the ordinance does not clearly indicate that such an alteration as this is meant to be prohibited. At least a debatable question is presented.

2. That the regulation attempted to be imposed under

section 12 is not proper under chapter 274 of the laws of 1928. This is as follows:

"Such regulation shall be made in accordance with a comprehensive plan and designed for one or more of the following purposes: To lessen congestion in the streets; to secure safety from fire, panic and other dangers; to promote health, morals or the general welfare; to provide adequate light and air; to avoid undue concentration of population. Such regulations shall be made with reasonable consideration, among other things, to the character of the district and its peculiar suitability for the particular uses, and with a view of conserving the value of property and encouraging the most appropriate use of land throughout such municipality."

It seems perfectly clear that the attempt to prevent the enclosing of this porch is entirely without the purview of this statute.

3. That the application of the ordinance in this case is unreasonable. In *Koplin* v. *South Orange,* 6 *N. J. Mis. R.* 489, it was said that an ordinance must be within the above purposes and must not be otherwise unreasonable. It seems to us that it is unreasonable here. There are other enclosed porches in the neighborhood. It is not pointed out how the enclosure will adversely affect the surrounding properties. No objection was made by any adjoining property owners.

4. That prosecutors have been denied their constitutional rights. This raises no question not discussed above.

We conclude that the prosecutors are entitled to have a writ in the above case. Such writ is accordingly awarded.

What has been said above indicates our opinion that there is probably merit in the contention of the prosecutors and that the respondents may properly give further consideration to the matter.