CHRISTOPHER L. EDELL, RELATOR, v. ROBERT J. Mc-
DERMOTT, AS JUDGE OF THE FIRST DISTRICT
COURT OF PATERSON, RESPONDENT.

Argued January 17, 1933—Decided February 6, 1933.

Before Justices PARKER, LLOYD and HEHER.

For the relator, *Randal B. Lewis.*

For the respondent, *Addison P. Rosenkrans.*

PER CURIAM.

The rule calls on respondent to show cause why *mandamus* should not issue requiring him to appoint a clerk of his court from the eligible list provided by the civil service commission.

What relator manifestly desires is not that the office shall be filled, but that he be appointed to fill it, his name standing first on the list of three eligibles as a disabled veteran. In fact, this is the only status that he appears to have in the matter, for a status as a citizen and taxpayer does not seem to be suggested.

The explanation made by respondent for his refusal to appoint relator is that he considers relator not to "possess the business capacity necessary to discharge the duties of the particular position involved." *Pamph. L.* 1929, *p.* 784. It is true that the relator passed the civil service test, and that chapter 122 of *Pamph. L.* 1932 (at *p.* 206) provides that this is to be regarded as evidence that he possesses the

business capacity and is qualified; but we have in this case the testimony of respondent that he was well acquainted with relator both personally and officially, and for reasons stated in some detail by him, but which need not be restated here, considered him unfit. In this aspect the case is similar to *Davison* v. *Patterson,* 94 *N. J. L.* 338. We think he was justified in that conclusion; but even if we were in doubt on that point, a writ should not go, as it is fundamental that to justify a writ of *mandamus* the legal right must be clear. *Browne* v. *Lee,* 98 *Id.* 1, and cases cited.

The rule to show cause will be discharged, with costs.