STATE OF NEW JERSEY, EX REL. JAMES J. TROY, RE-LATOR, v. J. VINCENT BARNITT, PROSECUTOR OF THE PLEAS OF PASSAIC COUNTY, AND NATHANIEL KENT, SUCCESSOR IN OFFICE, RESPONDENTS.

Submitted October 14, 1932—Decided March 31, 1933.

Before Justices PARKER, LLOYD and HEHER.

For the relator, *M. Metz Cohn* and *Minturn & Weinberger*.

For the respondents, *William B. Gourley* and *John D. Masterton*.

PER CURIAM.

This rule directs respondents to show cause why a peremptory or alternative writ of *mandamus* should not be issued, commanding the prosecutor of the pleas of Passaic county to appoint the relator to the position of county detective.

The relator, an honorably discharged soldier who has a record of disability incurred in the line of duty in the war between the United States and Germany, and its allies, passed a civil service examination for the mentioned position. He was classified as a disabled veteran by the civil service commission, and given first place on the eligible list. Two others, John C. Cluney and James E. Trueman, likewise disabled veterans, were given second and third places, respectively. The latter two were appointed to fill the vacancies in the

county's staff of detectives, while the relator was ignored. He asserts the right to preference under the following provision of chapter 349 of the laws of 1929 (*Pamph. L.* 1929, *p.* 784) : "If more than one soldier, sailor, marine or nurse as aforesaid, pass such examination, and is placed upon the eligible list, then the preference for any such vacancy and position shall be given in accordance with the results of the examination."

This act provides, however, that to be entitled to such preference the claimant "shall possess the business capacity necessary to discharge the duties of the particular position involved." The prosecutor of the pleas found that the relator did not possess the requisite business capacity. There was evidence that supports this finding.

This case is controlled by the somewhat similar case of *Edell* v. *McDermott,* 11 *N. J. Mis. R.* 272. The office of the writ of *mandamus* when directed to a public officer, is to compel him to do something that he is required by law to do, and has failed or refused to do, rather than compel him to do in a different way what he has already done. *Newark* v. *Lewis,* 82 *N. J. L.* 279 (at *pp.* 281, 282) ; 81 *Atl. Rep.* 1072.

If he is vested by law with discretionary power or with the jurisdiction to decide questions of law, or to ascertain matters of fact, the court will not by proceedings by *mandamus* usurp the power to dictate how the discretion shall be exercised, or to decide what conclusions of law or of fact shall be reached. *Davison* v. *Patterson,* 94 *N. J. L.* 338 (at *p.* 341) ; 110 *Atl. Rep.* 827. *Mandamus* should not issue unless the legal right clearly appears.

The rule to show cause will therefore be discharged, with costs.