JAMES HOROWITZ, PROSECUTOR-RELATOR, v. CIVIL SER-
VICE COMMISSION ET AL., RESPONDENTS.

Submitted May 12, 1933—Decided September 15, 1933.

Before Justices CASE, BODINE and DONGES.

For the prosecutor-relator, *Merritt Lane.*

For the respondents, *Durand, Ivins & Carton.*

PER CURIAM.

This case is here upon a writ of *certiorari* allowed to
review the action of the civil service commission in disap-
proving the appointment of prosecutor, James Horowitz, as
clerk of the District Court of the Second Judicial District
of Monmouth county, and in refusing to strike from the
eligible list the name of Sidney M. Reinhart, who, the com-
mission held, was entitled to the appointment by reason of
being a veteran of the world war; and also upon a motion
to quash the return to an alternative writ of *mandamus* to
compel the commission to certify the name of relator, Horo-
witz, upon the payroll.

It appears that Horowitz was appointed by Judge War-
wick as clerk in July, 1926, and served as such and was paid
until February, 1931. The civil service commission then
ordered an examination held for the position and on March
18th, 1931, certified to Judge Warwick three names of ap-
plicants who had passed the examination and who consti-
tuted the eligible list. Horowitz was high. The other per-
sons were respondent, Reinhart, and one Russomano. Rein-

hart was certified as a veteran and under chapter 298 of the laws of 1920 would be entitled to appointment if he had the capacity to hold the position.

Judge Warwick, however, appointed Horowitz and notified the commission to that effect. The commission disapproved the appointment and refused to approve Horowitz on the payroll after April 2d. On May 25th, 1931, Judge Warwick filed objections to Reinhart and asked that his name be struck from the list. These objections were that the applicant had not the qualifications for the position. It is sufficient to say that these objections were such that, if reasonably sustained, would justify the conclusion of the appointing officer that the applicant did not possess the qualifications essential to the holding of the position in question. A hearing was held and on June 19th, 1931, the commission announced a decision refusing to strike his name and insisting that Reinhart was entitled to appointment. The present proceedings were then instituted.

Several grounds are urged by prosecutor, but we deem it necessary to consider only one of these grounds.

In *McGlinchey* v. *Martin, Commissioner, &c.,* 12 *N. J. Mis. R.* 188, we held that the appointing officer has a discretion in making appointment from the civil service eligible list. It was there said: "The tax commissioner after an inquiry found and certified back to the civil service commission that the prosecutor, number one on the eligible list, did not have the necessary business capacity; that the intervening defendant, Ewald, number two on the eligible list, did have that capacity; and that Ewald was appointed to the position. The record indicates that the commissioner's act was not an abuse of the discretion lodged in him."

Following the holding in that case, we conclude that the District Court judge did not abuse the discretion lodged in him, in the instant case, and that his appointment of prosecutor should be sustained.

This conclusion results in granting the motion to quash the return to the alternative writ of *mandamus.*