THOMAS J. McGLINCHEY, PROSECUTOR, v. J. H. THAYER MARTIN, STATE TAX COMMISSIONER, AND THE STATE OF NEW JERSEY, RESPONDENTS.

Submitted May term, 1933—Decided September 21, 1933.

Before Justices CASE, BODINE and DONGES.

For the prosecutor, *Charles A. Rooney.*

For the respondent J. H. Thayer Martin, state tax commissioner, *William A. Moore.*

For Henry Ewald, Jr., intervenor, *Mark A. Sullivan.*

PER CURIAM.

The writ of *certiorari* recites a willingness to be certified "of a certain failure" by J. H. Thayer Martin, state tax commissioner, to appoint the prosecutor to the position of district supervisor, transfer inheritance tax bureau, Hudson county, and of the appointment of Henry Ewald, Jr., to that position, and brings up the order appointing Ewald and the proceedings concerning the "failure to appoint Thomas J. McGlinchey."

The real issue is whether Ewald is to be ejected and McGlinchey instated. That is made clear by the concluding paragraph in prosecutor's brief, as follows:

"It is, therefore, respectfully urged that the action of the state tax commissioner in appointing Henry Ewald, Jr., to

the position could be set aside, and the state tax commissioner be directed to appoint to the position Thomas J. McGlinchey, the prosecutor." It is apparent, we think that the full measure of relief sought cannot be had by writ of *certiorari,* and that a mistaken procedure has been taken; particularly as we consider that the bone of contention is a public office, involving the governmental powers of taxation and including compulsory examination of witnesses and documents. *Pamph. L.* 1909, *ch.* 228, § 18 (the Property Transfer Tax act). The "district supervisor," so far as we can determine, is the "appraiser" under the statute.

But, assuming the matter to be properly before us on the merits we think the prosecutor is not entitled to prevail and for the reasons following: The appointment, subject to the provisions of the Civil Service act, is by the state tax commissioner. *Pamph. L.* 1931, *ch.* 201. The civil service commission on March 3d, 1932, certified three names eligible for the appointment, all of the names so certified being of disabled veterans. The tax commissioner after an inquiry found and certified back to the civil service commission that the prosecutor, number one on the eligible list, did not have the necessary business capacity; that the intervening defendant, Ewald, number two on the eligible list, did have that capacity; and that Ewald was appointed to the position. The record indicates that the commissioner's act was not an abuse of the discretion lodged in him.

Prosecutor claims the benefit of chapter 122 (*Pamph. L.* 1932), in the particular that passing the civil service test is evidence that he possesses the business capacity. But the tax commissioner testified to the facts of the inquiry and his conclusions therefrom; and we are not justified, on the proofs before us, in disturbing his ruling. *Edell* v. *McDermott,* 11 *N. J. Mis. R.* 272.

The writ will be dismissed, with costs.