WILLIAM ZIEGLER, RELATOR, v. CITY MANAGER AND CITY COUNCIL OF THE CITY OF HACKENSACK, RESPONDENTS.

Argued May 8, 1935—Decided July 22, 1935.

Before Justices PARKER, CASE and BODINE.

For the relator, *Charles E. McCraith, Jr.*

For the respondents, *Donald M. Waesche.*

The opinion of the court was delivered by

CASE, J.  On November 17th, 1914, the Hackensack improvement commission passed an ordinance setting up a paid fire department and on December 7th, 1914, appointed William Ziegler as chief.  On December 18th, 1914, the appointment was revoked.  However, Ziegler was forthwith appointed acting chief and on December 29th, 1914, was

again appointed chief. He served under the last appointment until October 16th, 1933, when the office of fire chief was abolished. Forthwith Ziegler's name was dropped from the roll. There were no charges of dereliction in duty and no hearing. On writ of *certiorari* it was decided that the resolution abolishing the office of chief of the fire department was lawful. *Ziegler* v. *Hackensack,* 113 *N. J. L.* 215; *affirmed,* 114 *Id.* 186. Ziegler now seeks a writ of *mandamus* to command the city authorities to reinstate him "to membership and employment in the fire department of the city of Hackensack."

It is first argued on behalf of relator that his removal from employment in the fire department without charges or hearing is forbidden by the Home Rule act (*Pamph. L.* 1917, *ch.* 152), which, in section 3 of article 17, provides that the members of a fire department shall not be removed for any other cause than incapacity, misconduct, non-residence or disobedience of just rules and regulations, and in section .5 of the same article as amended by chapter 240 (*Pamph. L.* 1928), provides that there shall be no removal except upon written charges and after public trial. There has been no removal other than that the office which relator filled has been abolished.

It is said, however, that aside from Ziegler's office as chief he was a member of the department and that he may not be deprived of that membership except upon charges and hearing. During the period that relator was chief he was, of course, a member of the department. He was a member *because* he was chief. There is no membership in the department except as one has office or employment therein. *State* v. *Kennedy* (*Conn.*), 37 *Atl. Rep.* 503, and *Brownell* v. *Russell* (*Vt.*), 57 *Id.* 103, are cited *contra.* We do not so read them. In the former case it is said:

"It seems, however, to us that the controlling intention of the legislature as expressed by its acts does not give to the chief of police two distinct offices, held by distinct tenures, and subject to distinct processes of removal; * * *. The chief of police cannot be said to hold a distinct office as

policeman merely because certain of his powers, as well as his tenure of office and method of removal, are prescribed by the charter in prescribing the powers, tenure of office, and method of removal of policemen; * * *."

It is retention of one's office or of one's employment that the statute protects. The only office or employment that relator had, or had ever had, was that of chief; saving a temporary appointment as acting chief which had the same legal aspect. That office was lawfully terminated. Relator does not suggest the character of membership which remained in him after he ceased to be chief. He holds himself out as willing to take any employment in the service; but he seeks a writ of *mandamus,* the function of which is to require the doing of some *particular* thing therein specified, 3 *Bl.* 104; *Rosenfeld* v. *Einstein,* 46 *N. J. L.* 479, and the legal right to which must be clear. *Uszkay* v. *Dill,* 92 *Id.* 327. We are concerned not with the character of employment which relator is willing to take but with what specific act, if any, the city should be compelled to do. If a writ should issue in the terms of the rule, it would in effect simply direct the city to give relator a job in the fire department—not to reinstate him to a named position. What position is sought? The ordinance specifies the remaining employments of the service as those of assistant engineers, captains, lieutenants, drivers, tillermen, laddermen, hosemen and privates, and of such additional officers as shall be deemed necessary. If there be none of these vacant, is a position to be created? It is said that since relator was dismissed new members have been appointed to the force; but are such to be ousted? They who are not parties to the litigation? The application lacks particularity.

*McCann* v. *New Brunswick,* 73 *N. J. L.* 161, is cited in support of the application. McCann was a police officer. After five years of service he was designated a roundsman of police under an ordinance that required such an appointee to be a member of and taken from the regular police force. In the latter capacity he acted as an ordinary police officer and in addition to his duties as such checked up the reports

of other police officers for which he received additional compensation. Later the position of roundsman was abolished, and McCann was not permitted to perform any duties. On *mandamus* proceedings it was held that a roundsman was a policeman with special duties, and that McCann could not be removed from the office or employment of policeman except after charges, trial and conviction. That, we think, is not a parallel case. McCann had what the present relator had not, namely, a definite continuing employment independent of the abolished office.

We have a line of cases both in this court and in the Court of Errors and Appeals wherein there had been no dereliction of duty and no charges or hearing but wherein nevertheless dismissal from the service was an assumed incident to the abolishment of office or employment and the municipal action was sustained. One such is *Reck* v. *Board of Commissioners of North Bergen,* 10 *N. J. Mis. R.* 962; *affirmed,* 110 *N. J. L.* 173. The first paragraph of the Supreme Court opinion is (italics our own):

"These cases are before this court upon two writs of *certiorari* allowed to review the action of the board of commissioners of North Bergen in abolishing the positions of the prosecutors *and dismissing them from the service of the township.* The prosecutors are nine firemen in one writ and twenty-six policemen in the other, all of whose positions were abolished."

Relator was not in the classified civil service and therefore was not within the application of chapter 122, *Pamph. L.* 1916; 2 *Cum. Supp. Comp. Stat., p.* 2591, § 144-98.

The remaining citations of law submitted by relator in support of the point are *McChesney* v. *Trenton,* 50 *N. J. L.* 338: *Harrington* v. *Borough of Carteret,* 1 *N. J. Mis. R.* 167, and *Carroll* v. *Bayonne,* 3 *Id.* 308. In the instant case it is granted that the chief of the fire department was by virtue of his office a member of the department and that the retention of the office of chief is not in issue. None of the cited cases is in point on the matters in controversy.

We conclude that relator had no membership or employ-

ment in the fire department except as an incident to his office of chief and that with the abolishment of that office his membership and employment ceased. There is nothing to which he may be reinstated.

It is next said that under *Pamph. L.* 1934, *ch.* 114, § 4, relator is entitled to be restored to the service in some rank of the department in the event of a vacancy. We pass over the absence of proof of a present vacancy toward which a compulsory writ could be directed and note that the statute applies only where the demotion or removal has been "solely on the ground of economy and for no other reason." The adjudication on *certiorari* was that both economy and efficiency were sought and accomplished (*Ziegler* v. *Hackensack, supra,* 113 *N. J. L.* 215, 218), and the proof before us, if it have any bearing, is to the same effect. The contingency of fact upon which the statute would operate is not present.

Relator's remaining point concerns questions of evidence which, upon our view of the case, are not important.

Relator moved to suppress portions of respondents' testimony. Our conclusions have been reached without regard to that testimony, and we deem it unnecessary to rule thereon.

There is no fairly debatable question of law or of fact. The rule to show cause will be dismissed, but without costs.