ISAAC YEDID, RELATOR, v. THE CITY OF ATLANTIC CITY,
A MUNICIPAL CORPORATION, AND JOSEPH A. PAXSON,
COMMISSIONER OF PARKS AND PUBLIC PROPERTY
OF THE CITY OF ATLANTIC CITY, RESPONDENTS.

Argued January 21, 1936—Decided February 6, 1936.

Before Justices CASE and BODINE.

For the relator, *Harry A. Ginsburg* and *William H. Smathers*.

For the respondents, *Anthony J. Siracusa, Morris Bloom* and *Julius Waldman*.

BODINE, J.  Relator seeks by *mandamus* to secure the right to slaughter poultry in the municipal poultry market of Atlantic City.  His petition states that he has been employed to slaughter chickens by a number of persons engaged in the sale of kosher poultry.  His employers do not have stores or stands in the municipal poultry market.  Poultry may not be slaughtered elsewhere.  The city, when it established the municipal poultry market, authorized the mayor to prepare rules and regulations providing for the control and use thereof, and for the rental and charges to be made, the rules and regulations to be first submitted for approval.  No rules and regulations have been adopted, but the leases of the respective tenants all provide that there shall be a committee to promulgate rules and regulations controlling that part of the market devoted to the killing and sale of kosher products.  The committee determined that all kosher products should

be under the supervision of the Vead Ha'Kashress. Relator seems not to have had the approval of this board.

*Mandamus* is a discretionary writ to issue only when the legal right is clear. It is obvious that the municipality was within its rights, when it incorporated in the leases granted to those having stores and stalls in the market, provisions providing for a committee to promulgate rules and regulations governing the killing and sale of products offered in the market. If relator conformed with these rules his right would be clear. Since he has not, his right to kill poultry in the municipal market must rest upon the right which he and all other citizens have to go to the municipal market for the purpose of slaughtering poultry. But he does not seek to enforce the right which he as an individual may have, but he seeks the right to carry on a trade or business in the municipal market. The city having leased all the available stores and stalls will not be obliged by this court to violate agreements contained in the leases which it has granted. What the relator really seeks is that this court will determine his right to carry on his business in the municipal market without showing any warrant or authority for him to do so. As an individual he does not show that he has been deprived of any rights, but as a person engaged in a trade and calling, he asserts that he must have the right to the use of municipal property without showing any covenant, agreement or provision of law giving him the right to use the property in the carrying on of his special trade or avocation.

The rule will be dismissed, with costs.