CHARLES PAUL JONES, RELATOR, v. SAMUEL P. ORLANDO, PROSECUTOR OF THE PLEAS, RESPONDENT.

Submitted October 5, 1937—Decided December 27, 1937.

Before Justices BODINE, HEHER and PERSKIE.

For the relator, *C. Richard Allen.*

For the respondent, *Carl Kisselman.*

The opinion of the court was delivered by

PERSKIE, J. The basic question requiring decision, in this cause, is whether the appointing authority has the right to consider and pass upon the business capacity of a disabled veteran who seeks the appointment, notwithstanding the fact

that such veteran has successfully passed the prescribed test or examination, and has had his name placed upon the employment list and certified as eligible for the appointment by the state civil service commission.

From the stipulation of counsel for the respective parties, and depositions taken, we learn that relator is a veteran who was disabled in line of duty; that he successfully passed the state civil service examination for the office in question; that his name was placed upon the employment list; and that he was certified to the respondent as eligible for appointment. Relator was the second person named on the list so certified. The first person named on the list (Robert Galvin, also a disabled veteran) apparently declined the appointment, and thus relator became the first person eligible for the appointment of county detective of Camden county, which office had become vacant by reason of the death of the incumbent, James J. Wren.

Respondent made, or caused to be made, an examination or inquiry of the business capacity of the relator. He then called the relator for an interview. The official court stenographer of the Camden county courts made a stenographic record of that interview. Suffice it to observe that the transcript of the record made of that interview discloses, generally stated, that relator had been convicted of drunken driving (the conviction was, however, set aside on procedural grounds); and that from his affidavits concerning his own observations of conditions in Ocean county, relator did nothing as deputy sheriff thereof to apprehend those whom he had cause to suspect of wrongdoing (grafting); nor did he bring to the attention of his superiors the information or circumstances which tended to indicate that the criminal laws of the state were being violated in that county by racketeers, bootleggers and others. Accordingly, respondent concluded that relator did not possess the "business capacity" entitling him to appointment to the office. Whereupon relator instituted this proceeding.

*First:* We are entirely satisfied that the proofs exhibited fully support the result reached by respondent. It is, however, contended for the relator that whatever right respondent

may have had to consider and pass upon the questions as to whether a disabled veteran did or did not "possess the business capacity necessary to discharge the duties of the particular position involved" (chapter 349, *Pamph. L.* 1929, *p.* 784), that right was completely removed by chapter 122, *Pamph. L.* 1932, *pp.* 204, 206, which so far as is here pertinent provides:

"* * * The fact that a veteran with a record of disability incurred in line of duty as hereinafter defined has successfully passed the prescribed test or examination and that his name has been placed upon an employment list and certified as eligible for appointment *shall be regarded as evidence* that he possesses the business capacity and is qualified to perform the duties of the position and as entitling him to appointment." (Italics supplied.)

Relator's contention is not novel. Like contention was made in the case of *Edell* v. *McDermott,* 11 *N. J. Mis. R.* 272; 165 *Atl. Rep.* 719, and we held it to be without merit. Relator's status under the act is not to be regarded as *conclusive* evidence of his "business capacity," and of his qualifications to perform the duties incident to the office. Respondent was not without duty in the premises, he was clearly entitled, if not obliged, to consider and pass upon the business capacity of the candidate. *Cf. Davison* v. *Patterson,* 94 *N. J. L.* 338; 110 *Atl. Rep.* 827; *McGlinchey* v. *Martin,* 12 *N. J. Mis. R.* 188; 170 *Atl. Rep.* 848; *Horowitz* v. *Civil Service Commission,* 12 *N. J. Mis. R.* 190; 170 *Atl. Rep.* 639; *affirmed,* 112 *N. J. L.* 499; 171 *Atl. Rep.* 779.

*Second:* But even if there be doubt as to the sufficiency of the reasons advanced by the appointing authority, and there is none, the writ should not be allowed because of the fundamental and well settled rule that to justify the issuance of a writ of *mandamus,* the legal right thereto must be clear. *Browne* v. *Lee,* 98 *N. J. L.* 1; 118 *Atl. Rep.* 539; *Lindsley* v. *Board of Managers, &c., State Prison,* 107 *N. J. L.* 51, 58; 151 *Atl. Rep.* 294; *affirmed,* 108 *N. J. L.* 415; 158 *Atl. Rep.* 342. Under the circumstances here exhibited, that right is not clear.

The rule to show cause is accordingly dismissed, with costs.