EASTERN BOULEVARD CORPORATION, A NEW JERSEY CORPORATION, RELATOR, v. BOARD OF COMMISSIONERS OF THE TOWN OF WEST NEW YORK, AND GEORGE WILLAREDT, BUILDING INSPECTOR OF THE TOWN OF WEST NEW YORK, RESPONDENTS.

Submitted January 16, 1940—Decided March 27, 1940.

Before Justices BODINE and PERSKIE.

For the relator, *Fred Goldstein.*

For the respondents, *Irwin Rubenstein.*

The opinion of the court was delivered by

PERSKIE, J. This cause is before us on the return of an alternative writ of *mandamus*. Relator seeks to compel the building inspector of the town of West New York to issue to it a permit to erect a five-story apartment house on its premises.

The record submitted is much the same as was the record before the Court of Errors and Appeals in a recent case involving the identical parties and a substantially similar issue. See *Eastern Boulevard Corp.* v. *Willaredt*, 123 *N. J. L.* 269; 8 *Atl. Rep.* (*2d*) 688. It will accordingly suffice to observe, so far as this case is concerned, that in opposition to the allowance of a peremptory writ respondents rely upon an amendment to the zoning ordinance of the town of West New York which amendment has been held by the Court of Errors and Appeals to be "applicable to the relator's case, and * * * if properly adopted and reasonable, a bar to the issuance of a permit and a writ of *mandamus.*" *Eastern Boulevard Corp.* v. *Willaredt, supra* (at *p.* 272). Relator on the other hand urges that the amending ordinance is unreasonable, unconstitutional and void, and thus not a bar to the allowance of a peremptory writ.

We do not find it necessary to express any opinion, nor are we to be construed as so doing, on the question of the reasonableness of the ordinance in question. For we are entirely satisfied that a peremptory writ should not be granted.

It is axiomatic that *mandamus* will not lie unless, *inter alia,* the right to the writ is clear both in fact and in law. *Jacobs* v. *Elwell,* 8 *N. J. Mis. R.* 495; 151 *Atl. Rep.* 61; *Hoffmeir* v. *Union City,* 4 *N. J. Mis. R.* 839; 134 *Atl. Rep.* 610; *Bimer* v. *West Hoboken,* 3 *N. J. Mis. R.* 318; 128 *Atl. Rep.* 153; *State* v. *Butler,* 3 *N. J. Mis. R.* 424; 128 *Atl. Rep.* 578; *Troy* v. *Barnitt,* 11 *N. J. Mis. R.* 275; 165 *Atl. Rep.* 576; *Edell* v. *McDermott,* 11 *N. J. Mis. R.* 272; 165 *Atl. Rep.* 719; *Cooper* v. *State Board of Veterinary Medical Examiners,* 114 *N. J. L.* 10; 175 *Atl. Rep.* 207; *affirmed,* 115 *N. J. L.* 115; 178 *Atl. Rep.* 748; *Ziegler* v. *City Manager, &c., Hackensack,* 115 *N. J. L.* 328; 180 *Atl. Rep.* 225;

*Yedid* v. *Atlantic City,* 14 *N. J. Mis. R.* 124; 182 *Atl. Rep.* 817; *Jones* v. *Orlando,* 119 *N. J. L.* 227; 195 *Atl. Rep.* 717; *Provident Institute for Savings* v. *Castles,* 124 *N. J. L.* 50; 11 *Atl. Rep.* (*2d*) 64. And in view of the existence of an amending ordinance before us which as already indicated has been found by the Court of Errors and Appeals to be a bar, if reasonable, to the relief presently sought it is manifest that relator's right to that relief is not clear unless and until the ordinance in question is held in proper proceedings, to be invalid. See *Steward* v. *Trenton,* 9 *N. J. Mis. R.* 1100; 156 *Atl. Rep.* 844, and *Cf. Mulleady* v. *Trenton,* 9 *N. J. Mis. R.* 1102; 156 *Atl. Rep.* 843; *Jacobs* v. *Elwell, supra; Linden Methodist Episcopal Church* v. *Linden,* 113 *N. J. L.* 188; 173 *Atl. Rep.* 593 (involving *certiorari* to set aside an ordinance as unreasonable).

Whatever may have been the proper practice prior to the zoning amendment to our constitution and the enabling statute passed in 1928 (see cases collated in *Dorsey Motors, Inc.,* v. *Davis,* 13 *N. J. Mis. R.* 620 (at *p.* 621); 180 *Atl. Rep.* 396), we are of the opinion that the proper practice at this time is that outlined in *Payne* v. *Sea Bright,* 14 *N. J. Mis. R.* 756 (at *p.* 758); 187 *Atl. Rep.* 627, which is not inconsistent with the effective practice of employing both *certiorari* and *mandamus* as in the typical case of *Gabrielson* v. *Glen Ridge,* 13 *N. J. Mis. R.* 142; 176 *Atl. Rep.* 676. In the latter circumstance if the right is clearly established under the writ of *certiorari,* the relief sought may be promptly granted, without re-hearing, under the writ of *mandamus.* Neither practice was followed here.

Accordingly, the alternative writ is dismissed, with costs.