165 N.J. Super. 113 (1979)
397 A.2d 733
STATE OF NEW JERSEY, PLAINTIFF,
v.
ONE 1977 DODGE VAN, HECTOR TORRES, DEFENDANT.
Superior Court of New Jersey, Middlesex County Court, Law Division (Civil).
January 17, 1979.
*114 Mr. Robert H. Corbin for plaintiff (Office of the County Prosecutor, Middlesex County).
Mr. Nathaniel Alper for petitioner Princeton Bank & Trust Company (Messrs. Alper & Alper, attorneys).
COHEN, J.S.C.
This is a statutory action for forfeiture of a motor vehicle pursuant to N.J.S.A. 24:21-35. On November 10, 1977 the owner, Hector Torres, was operating his Dodge Van when it was found to contain a quantity of cocaine. It was seized, and on December 28, 1977 the county prosecutor filed this action. It sought judgment "forfeiting said vehicle to the State of New Jersey subject to all outstanding liens of record." Torres has never appeared.
On January 13, 1978 the Princeton Bank & Trust Company filed what it called a "Petition Reclaiming Seized Vehicle". It showed that the bank had a perfected security interest in the van as the retail installment sale financer. It *115 further showed that the bank knew nothing about Torres' illegal use of the van (a matter the State concedes) and prayed "for an order waiving forfeiture of the * * * van, in favor of the * * * Bank." Presumably, Torres had already defaulted in payment. He certainly has done so since.
After filing of the bank's petition the matter lay dormant. The State did not proceed further. The bank made unsuccessful attempts to communicate with the prosecutor's office. The van lay in a yard somewhere, gathering dust and losing worth. Finally, something prompted the State and the bank to make cross-motions for summary judgment.
The facts are undisputed. The State deserves summary judgment extinguishing the interest of Hector Torres in the van and it will be granted, subject to the bank's lien. The bank asks for an order requiring the State to deliver the van immediately to the bank and reserving to the bank a count for damages to the van while in the prosecutor's possession. Or, the motion continues, the bank will, in the alternative, take an order for the full balance due on the Torres installment sales contract, plus contractual collection charges, plus costs.
The competing rights of the State and the bank are set forth in N.J.S.A. 24:21-35 (b)(4)(c):
The forfeiture of any conveyance encumbered by a bona fide security interest shall remain subject to the interest of the secured party if he neither had knowledge of nor consented [to the criminal act].
The quoted statutory language is less than four years old. Neither it nor the more general subject of the competing rights of the forfeiting sovereign and the lending bank have been treated in a modern reported case in New Jersey.[1]
"Subject to" in this statute means subordinate, inferior or secondary to. It means the State's right to forfeit the vehicle *116 may not interfere with the secured party's innocent and valid interest, or diminish its value or prevent its enforcement. Provisions designed to protect the innocent from the rigors of forefeiture are to be liberally construed. State v. One (1) Ford Van Econoline, 154 N.J. Super. 326 (App. Div. 1977).
The State will forthwith turn over the van to the bank, as it should have done after receipt of the petition whose regularity was easily ascertainable.[2] In order for the bank's security interest to prevail, it must have physical possession of the vehicle so that it may enforce against the owner the rights arising from its security interest. Otherwise, the value of the vehicle disappears while the parties wait.
The remaining rights claimed by the bank need not be decided now. The bank may raise any claim for damage or deficiency after disposing of the vehicle and ascertaining if any damage or deficiency exists. For that purpose this matter will remain open for a reasonable time.
Many problems attend the bank's proposed claim for money damages. It is not the intention of this opinion to resolve them. Not the least of them is whether damages are assessable for delayed turnover under the Tort Claims Act. If so, it remains undecided whether liability will follow simple delay, or unreasonable delay, or only delay prompted by bad faith. Another problem is whether contractual provisions for late charges and attorneys' fees are enforceable against the State. Not involved here is the question of the disposition of sale proceeds exceeding the bank's interest, pending trial of the forfeiture action between the State and the owner.
The bank will present an order requiring immediate turnover and requiring the bank to report the amount of the proceeds of sale so that the State, if it chooses, may make any claim for overplus. Disposition of the bank's other claims will await sale of the vehicle.
NOTES
[1] Forfeiture is an ancient power with a fascinating history. For a start, see Exodus 21:28; The Palmyra, 12 Wheat. 1, 25 U.S. 1, 6 L.Ed. 531 (1827); Holmes, The Common Law (1881), and Note, 62 Cornell L. Rev. 768 (1977).
[2] There is nothing in this case to indicate that the State needs the vehicle for any criminal prosecution or that the owner has any legitimate interest in it for any defense purpose. Such needs can be sensibly met in cases where the parties raise them.