168 N.J. Super. 168 (1979)
402 A.2d 254
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
ONE 1976 PONTIAC FIREBIRD AND MARGE COLON, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued March 26, 1979.
Decided May 2, 1979.
*171 Before Judges CONFORD, PRESSLER and KING.
Mr. L. Gilbert Farr, Assistant Prosecutor, argued the cause for appellant (Mr. David Linett, Somerset County Prosecutor, attorney).
Ms. Sondra V. Lasky argued the cause for respondents (Lasky and Cohen, attorneys).
The opinion of the court was delivered by KING, J.A.D.
We granted leave to appeal in this case to consider the important question of the right of a secured *172 party to repossess the secured property, here a motor vehicle, or to obtain alternative relief, after default in payment, when the vehicle is in possession of the State following seizure but prior to entry of judgment of forfeiture under the provisions of the Controlled Dangerous Substance Act, N.J.S.A. 24: 21-1, et seq.
N.J.S.A. 24:21-35(b)(4) generally confers upon the State the right to seize vehicles used in transportation of narcotic drugs where the owner knows of or consents to the illegal carriage. Subsection (c) thereof was adopted by amendment, L. 1975, c. 42, § 1, to protect the rights of secured parties. It states:
(c) The forfeiture of any conveyance encumbered by a bona fide security interest shall remain subject to the interest of the secured party if he neither had knowledge of nor consented to the act or omission;
This amendment, and indeed the entire act, was derived substantially from the Uniform Controlled Dangerous Substance Act. Subsection (c), supra, is identical to the § 505(a) (4) (iv) of the Uniform Act except that the words "shall remain subject" are substituted for the words "is subject" in the Uniform Act. 9 Uniform Laws Annotated 337 (1973). We attach no significance to this slight variation in language. Before the 1975 amendment adding subsection (c) to N.J.S.A. 24:21-35(b) (4) an innocent secured party had no protection against a forfeiture. Our search has uncovered no cases in the country treating the question although the Uniform Act has been adopted in 46 jurisdictions. 9 Uniform Laws Annotated 47 (Supp. 1978). There is no extant legislative history available on the 1975 amendment.
The following facts are germane to the case before us. On March 23, 1976 Marge Colon, the owner of the subject vehicle, executed an installment note and security agreement creating a security interest in this 1976 Pontiac Firebird in favor of Allstate Enterprises, Inc. (Allstate). The total amount secured was $4,638.24 payable over 36 monthly installments. *173 Allstate's security interest was noted on the certificate of ownership issued by the Division of Motor Vehicles. Colon defaulted on the November 1977 installment and on all subsequent ones. The vehicle was seized by the State on February 11, 1978 consequent upon Colon's alleged use of it to transport drugs. The car has been in the State's possession since. Colon was indicted in September 1978 and her criminal trial is pending.
The complaint in this forfeiture action was filed on March 30, 1978. Allstate thereafter filed a "claim of secured party" and in May 1978 filed a notice of motion for an order directing the State "to deliver the motor vehicle * * * to Allstate or in the alternative to make payment of the sum of $2,013.66 [the balance secured] with reasonable attorney's fees" to it. On June 6, 1978 Allstate's motion was denied without prejudice and the State was ordered by the trial judge to attempt to move the forfeiture case to trial within 30 days. On June 23 the State's motion for summary judgment of forfeiture was denied. The case was not moved for trial. The reason is not apparent from the record.
Allstate renewed its motion for possession of the vehicle or payment of the lien on October 6, and in an opinion issued on December 11 the trial judge granted relief to Allstate in the alternative, directing that either (1) the State surrender possession of the vehicle to Allstate for sale pursuant to law, with Allstate to deposit any surplus realized above its secured interest and expenses with the clerk, or (2) the State pay to Allstate the amount due on its security interest and its reasonable attorney's fees in return for an assignment of the security interest. We granted the State's motion for leave to appeal and affirm.
The State contends that it should not be required to exercise an election to surrender the vehicle to the secured party or pay off the lien until after a final judgment of forfeiture. The State does not here contend that the vehicle is needed for evidence in the pending criminal trial. The necessary corollary of the State's position is the imposition *174 upon the concededly innocent secured party of the economic loss resulting from its inability to repossess and sell depreciating security. We think that adoption of the State's contention would severely impair the value of the secured interest in many cases  a result contrary to the intent that we find was expressed by the Legislature.
The statute states that the secured property "shall remain subject to the interest of the secured party." N.J.S.A. 24:21-35(b) (4) (c). We construe this language to mean that the security interest shall endure in all respects notwithstanding the seizure by the State. It is undeniable that the most valuable attribute of a security interest in any personal property, especially rapidly depreciating property, is the right of the secured party to take possession of the collateral upon default and sell it in a commercially reasonable manner. N.J.S.A. 12A:9-503, 504. Adoption of the State's contentions would substantially eviscerate this right. The only way to give effective meaning to the language of the statute, which was obviously intended to protect bona fide security interests, is to preserve to the secured party the same right to realize on the security that he would have had if the property had not been involved in a forfeiture proceeding, unless the State demonstrates an overriding interest, such as a need for the property as evidence. The State's contention that Allstate be limited to the remedy of a suit on the note executed by the debtor pending a final judgment of forfeiture is unrealistic and disharmonious with the express statutory intent to preserve intact the interest of the innocent secured party. The right to sue on the note is, as it was properly characterized by the trial court, usually an "empty right."
Even though a forfeiture complaint is promptly filed, as this one was, there is no necessary assurance of a speedy adjudication. Although the outcome of the forfeiture proceeding is not contingent upon the success of the criminal prosecution and there is no necessity for the criminal case to be tried first, it usually is, either out of solicitude for the *175 indictee's right against self-incrimination or the preference customarily accorded the criminal docket over a civil docket. Meanwhile the value diminishes. See e.g., State v. One (1) Ford Econoline, 154 N.J. Super. 326, 338 (App. Div. 1977), certif. den. 77 N.J. 474 (1978) where we stated that "[a]s to automobiles it has been said that the deprivation of property resulting from the detention, apart from [the] loss of use, lies in the fact that the vehicle is a `wasting asset.' United States v. One 1971 Opel G.T., 360 F. Supp. 638, 641 (C.D. Cal. 1973)." See also, State v. One 1977 Dodge Van, 165 N.J. Super. 113, 116 (Law Div. 1979).
The State contends that N.J.S.A. 24:21-35(d) compels a result contrary to the one we reach here. That subsection states:
Property taken or detained under this section shall not be repleviable, but shall be deemed to be in the custody of the State or political subdivision, acting as agent for the State, whichever may have seized said property, and subject only to the orders and decrees of the court or the official having jurisdiction thereof.
We think it entirely consonant with the overall legislative design to construe this prohibition against replevin as inapplicable to an innocent secured party. Moreover, we think it clear that the import of N.J.S.A. 24:21-35(b) (4) (c) is to authorize a court to order the property turned over to the secured creditor in accordance with the language, "subject only to the orders and decrees of the court," in N.J.S.A. 24:21-35(d), and the two subsections are harmonious.
A contrary interpretation would in practice, as noted, severely impair the interests of secured creditors, a right which the Legislature clearly preferred to the State's right of forfeiture in the 1975 amendment, N.J.S.A. 24:21-35 (b) (4) (c). We stated in State v. One (1) Ford Van Econoline, supra, 154 N.J. Super. at 331, that "it should be remembered that generally forfeitures are not favored in the law, particularly where the Legislature has provided appropriate exceptions from the scope of forfeiture." Moreover, *176 N.J.S.A. 24:21-35(b) (4) (c) deals with the specific topic of protection of security interests, as opposed to the general remedy of replevin covered by N.J.S.A. 24:21-35(d), and was adopted at a later date. Sound principles of statutory construction support preference of a more specific and more recently enacted section of a statute as an intrinsic aid in the search for legislative intent. 2A Sutherland, Statutory Construction (4 Ed. 1972) § 52.05 at 315.
Under the result we reach today the competing interests of the State and the secured party are fairly accommodated. The State may either opt to pay off the lien and keep the vehicle pending final judgment of forfeiture or surrender the vehicle to the lienholder. This is a decision which the State must make in any event. The innocent secured party is not irreparably damaged as its fast-wasting asset lies fallow. It is possible that the State may opt to pay off the lien, keep the vehicle, and fail to obtain a judgment of forfeiture. In this unlikely event the State will have succeeded to the original security interest by assignment and will have all the remedies upon default provided to the lienholder by the Uniform Commercial Code, N.J.S.A. 12A:9-501 et seq. We assume that the prosecutor will exercise his judgment in favor of retaining possession of vehicles only in appropriate cases and after weighing such factors as the probability of a successful forfeiture, the amount of the lien, the condition and value of the vehicle, and the State's need for the vehicle.
Finally, the State argues that if the vehicle is turned over to the secured party and sold pursuant to a valid security interest and a judgment of non-forfeiture is thereafter entered, the State could be held liable for conversion. We disagree. If the vehicle is sold pursuant to a valid security interest and a judgment of non-forfeiture is later entered, the owner's ultimate interest, if any, is preserved by the legal obligation of the secured party to account for any surplus after sale, N.J.S.A. 12A:9-504(1)(c), not by a right of action against the State for conversion.
*177 The State further contends that it in any event cannot be liable for counsel fees because the pertinent rule of civil practice, R. 4:42-9, makes no provision for any award therefor in forfeiture actions and also because the State was not a party to the original contract. The original loan agreement states as follows:
In the event suit be brought or other proceedings be taken hereunder, [Allstate] may collect court costs and reasonable attorneys fees as allowed by the court in a judgment hereon.
Because the security agreement provides for a reasonable attorney fees in the event of default, the option of the State to pay off the lien if it wishes to retain the vehicle must be attended by the obligation to pay the attorney fees, as the fee is an integral part of the secured lien. See N.J.S.A. 12A: 9-504(1) (a), which sanctions the contemplation of reasonable attorney fees incurred in seizing and liquidating the security as part of the lien, stating that the proceeds "shall be applied * * * to the extent provided for in the agreement and not prohibited by law, [to] the reasonable attorneys' fees and legal expenses incurred by the secured party." See also, Cohen v. Fair Lawn Dairies, Inc., 86 N.J. Super. 206 (App. Div. 1965), aff'd 44 N.J. 450 (1965). The contract and the Uniform Commercial Code operate to incorporate reasonable attorney fees into the lien. We conclude that N.J.S.A. 24:21-35(b) (4) (c), which makes the State's forfeiture interest "subject to the interest of the secured party," includes in that interest entitlement to contractual counsel fees and costs.
In conclusion, we add that if the State does not institute a forfeiture action "promptly" following seizure, as it is obligated to do, see N.J.S.A. 24:21-35(c), the secured party would be entitled to institute a summary action in the Superior Court pursuant to R. 4:67-1(b) in an effort to *178 secure a prompt adjudication of its alleged security interest and preserve its rights in the asset.[1]
Affirmed.
NOTES
[1] Following oral argument and the preparation of this opinion, but before filing the opinion, we were advised that the parties have amicably settled this dispute and will present to the clerk a stipulation dismissing the appeal. In view of the importance of the issue we nonetheless release the opinion of the court.