SHARP, Judge.
The City of Orlando appeals from an amended judgment of forfeiture which required it to pay Sun Bank, N.A., three hundred dollars ($300.00) in attorney’s fees in satisfaction of the Bank’s security interest in a 1979 Pontiac Firebird. The car was seized pursuant to the Florida Contraband Forfeiture Act,[1] and the City elected to forfeit and retain it for its own use. The City recognized the Bank’s lien in its petition, and the Bank was duly served. The City urges on appeal that the trial court erred in requiring it to pay any attorney’s fees as part of the Bank’s lien. We affirm.
Section 932.703(3), Florida Statutes (1981), provides “[no] bona fide lienholder’s interest shall be forfeited under the provisions of ss. 932.701 — 932.704” if the lien was duly perfected and if the lienholder did not know (actually or constructively) that the property was being used for an illegal activity. Such was undisputedly the situation in this case.
When seized property is sold, a lienholder’s interest must be satisfied by paying it from the proceeds of the sale. § 932.703(3), Fla.Stat. (1981); § 932.704(3)(a), Fla.Stat. (1981). Counsel for appellant concedes that a purchaser at the sale of a forfeited item would have to pay attorney’s fees to a secured creditor as part of the lien. If the law enforcement agency elects to retain the forfeited item pursuant to section 932.704, we think the same obligation arises to satisfy the lienholder’s interest in full, including attorney’s fees.
In this case, the note and security agreement clearly provide that the collateral was intended to secure the Bank’s attorney’s fees and legal expenses which it incurred in connection with preserving its interest in the collateral and in enforcing payment of its lien. Florida’s UCC also clearly allows attorney’s fees to be included under the umbrella of a properly perfected security interest. § 679.504(l)(a), Fla.Stat. (1981). This bundle of rights is enforceable against subsequent purchasers and creditors of the collateral. § 679.201, Fla.Stat. (1981). The City argues that it is not technically a subsequent purchaser or a creditor. But the City is a successor to the original debtor’s interest in the car, and we think it has no *770 greater rights than would the original secured party whose rights were forfeited.[2]
We think that the lien rights preserved by section 932.703 should include and encompass attorney’s fees duly provided for by the security agreement and properly incurred by the secured party. We adopt the reasoning of the court in State v. One 1976 Pontiac Firebird, 168 N.J.Super. 168, 402 A.2d 254 (N.J.Super.Ct.App.Div.1979). Accordingly, the judgment appealed is
AFFIRMED.
DAUKSCH and FRANK D. UP-CHURCH, Jr., JJ., concur.

. §§ 932.701-932.704, Fla.Stat. (1981).

. The Official Comment to § 9-201 of the UCC provides:
This section states the general validity of a security agreement. In general the security agreement is effective between the parties; it is likewise effective against third parties.
U.C.C. § 9-201 comment (1978).