GLICKSTEIN, Judge.
This is an appeal of a final order, granting appellee’s motion to tax attor *1055 ney’s fees against the City of Pompano Beach Police Department in favor of the lienholder, Sun Bank/South Florida, N.A., after entry of a final judgment of forfeiture of a 1978 Cadillac to the police department. We reverse because of the failure (a) to raise the issue of attorney’s fees due the lienholder in a timely, proper manner in the absence of any contract properly introduced into evidence and (b) to prove the essential elements at the hearing upon the motion. Had these deficiencies been avoided, the lienholder would have been entitled to the fees it was awarded.
The basis for any claim for an attorney’s fee would have been the security agreement executed by the purchaser of the vehicle in favor of the dealer and assigned to the bank. There was no statutory predicate for the award of the fee. Brown v. Gardens by the Sea South Condominium Association, 424 So.2d 181 (Fla. 4th DCA 1983), controls. In that case we expressed a lack of enthusiasm for existing distinctions in this area but allowed an attorney’s fee because (a) all of the parties and the trial court expressly recognized at the pretrial conference that the entitlement to such fee was clearly an unresolved issue pver which the trial court expressly reserved jurisdiction, and (b) the statute under which the action was brought expressly provided for such fee, absolving the pleader of the necessity to plead entitlement.
Here, appellant had no notice that an attorney’s fee was being sought when, after a number of pleadings, it abandoned its contest of the lien and expressly acknowledged and acquiesced in liability for the principal amount of the unpaid lien. The basis for the lien was not introduced into evidence at the final hearing on the merits. Appellant was then served with a post-judgment motion thereon notwithstanding (1) the absence of mention thereof in the pleadings nor at the final hearing, (2) the failure to introduce the security agreement, and (3) the absence of retention of jurisdiction in the final judgment for such award.
At the hearing on the motion, which was clearly based upon an unattached security agreement, appellee’s counsel was asked by the trial judge how much time he had spent on the case. Counsel responded to the question. He was not under oath at the time the question was asked nor did he ever take the stand to attest to his client’s incurring of the fee nor the work that he performed. An expert did testify as to his opinion of what a reasonable fee would be. We have stated on a number of occasions that proof of attorney’s fees requires the testimony of the attorney performing the services as well as that of the expert. See Cohen v. Cohen, 400 So.2d 463 (Fla. 4th DCA 1981). There, we gave the attorney an opportunity to do it properly on remand. We do not do so here because of the absence of any notice to appellant in the pleadings or otherwise, prior to or at the time of entry of final judgment that such fee was being sought as well as the absence of a statutory predicate for the lien-holder’s action.
We fail to see any relevance of the fact that this was a forfeiture proceeding. That is only the setting in which an attorney’s fee has been claimed. The proceeding itself neither adds to nor detracts from the claim and there is no statute which serves as the keystone for the claimed fee. Our companion court awarded an attorney's fee in a forfeiture setting in City of Orlando v. Sun Bank, N.A., 428 So.2d 769 (Fla. 5th DCA 1983). The court expressly recited that the note and security agreement which had been introduced into evidence provided for such fee. It is obvious to us that if the security agreement had not been provided, no award would have been made. In this case, the security agreement was not attached to any pleading, although the post-judgment motion referred to it. Nor was it introduced into evidence nor made part of the record of the main hearing or the post-judgment hearing, unlike Orlando.
In its opinion in the Orlando case the Fifth District Court of Appeal relied upon State v. One 1976 Pontiac Firebird, 168 N.J.Super. 168, 402 A.2d 254 (1979). Like Florida, New Jersey has in its statutes *1056 a version of the Uniform Controlled Dangerous Substances Act. The New Jersey statute states the secured property seized under it remains subject to the interest of the secured party. In reference to award of attorney’s fees to the secured party, the New Jersey court held that, where the loan agreement states, in the event a suit or other proceedings are taken under the security agreement, the secured party may collect costs and attorney’s fees as allowed by the court in a judgment thereon, and provides further for reasonable attorney’s fees in the event of default, the attorney’s fee is an integral part of the secured lien. The state’s argument it was not a party to the original contract was of no avail. The court held the state would be liable for attorney’s fees incurred by the secured party in these circumstances. But for the circumstances in this case, we would do the same. Appellant argues that it was not a party to the security agreement and that any costs should be borne by the original purchaser if the secured party is to shed them. However, if the vehicle is collateral for the attorney’s fee as part of the overall lien, whoever has the benefit of the vehicle (or its value) logically should be liable. It is true appellant did not buy the vehicle from the original lienee, but it is her successor in interest. As such, it took the bad with the good. Appellant here is saved by circumstances, not by its lack of privity with the lienor.
HERSEY and DELL, JJ., concur.