Maurice GOODMAN and Ramona
C. Richards, Petitioners
Below, Appellants,

v.

STATE of Delaware, Respondent
Below, Appellee.

No. 5, 2005.

Supreme Court of Delaware.

Submitted: Aug. 24, 2005.
Decided: Sept. 7, 2005.

Andrew G. Ahern, III, law office of Joseph W. Benson, P.A., Wilmington, DE, for appellants.

John Williams, Department of Justice, Dover, DE, for appellee.

Before STEELE, Chief Justice, HOLLAND and BERGER, Justices.

HOLLAND, Justice:

The petitioners-appellants, Maurice Goodman and Ramona C. Richards, appeal from a final judgment entered by the Superior Court in favor of the respondent-appellee, State of Delaware. Goodman and Richards filed a petition, pursuant to the forfeiture provisions in the Delaware Uniform Controlled Substances Act[1] and Superior Court Civil Rule 71.3, seeking the return of their 2002 BMW automobile. The State had taken possession of their automobile in accordance with an Asset Seizure Warrant.

The Superior Court dismissed the petition because at the time of the forfeiture hearing, the State did not have possession of the 2002 BMW automobile and because it concluded the Delaware Uniform Controlled Substances Act did not provide for an award of damages. The Superior Court ruled that Goodman and Richards' remedy was a separate civil action for damages and noted that they already had such a civil action pending against the State.

In this appeal, Goodman and Richards argue that if the State wrongfully relinquished possession of their BMW automobile to the lien holder after it was seized, the Delaware Uniform Controlled Substances Act was intended to be the exclusive means by which an aggrieved person obtained relief. Accordingly, Goodman and Richards submit that "the Superior Court erred in holding that their petition should be dismissed because the Delaware Uniform Controlled Substances Act did not specifically provide for the award of damages and that, therefore, Goodman and Richards' remedy in this situation would be to file a separate civil action seeking an award of damages." We have concluded that the judgment of the Superior Court must be affirmed.

### Facts

A Delaware State Police Detective filed an Assets Seizure Warrant in the Superior Court seeking authorization to seize tangible property, including a 2002 BMW automobile, belonging to Goodman. Forfeiture of the property of Goodman and his girlfriend, Richards, was sought pursuant to the provisions of Del.Code Ann. tit. 16, § 4784 because the police suspected that the property had been acquired with the proceeds of illegal drug sales conducted by Goodman.

The Assets Seizure Warrant sought judicial approval to search a public storage locker located at 425 New Churchman's Road in New Castle, Delaware. The police suspected that Goodman was secreting his 2002 BMW 745i, an $80,000 automobile, at that location. On February 4, 2003, the Superior Court signed the warrant permitting the police to make the asset seizure.

On February 5, 2003, the police seized the 2002 BMW 745i automobile belonging to Goodman and Richards. Shortly thereafter, the car was returned to the lien holder, Union Park BMW. According to Goodman and Richards, they received actual written notice in the mail of their motor vehicle's seizure when they received a February 10, 2003 notice from BMW that the car had been repossessed by the lien holder.

### Superior Court's Decision

On May 7, 2003, Goodman and Richards filed a petition in the Superior Court, pursuant to the provisions of Del.Code Ann. tit. 16, § 4784 and Delaware Superior Court Civil Rule 71.3,[2] seeking return of

---

1. Del.Code Ann. tit. 16, §§ 4701–4796, 4784 (2005).

2. This rule was promulgated to establish the procedures for conducting the proceeding

their 2002 BMW 745i vehicle. Their petition asserted that: "The vehicle was unlawfully seized pursuant to a warrant which contained false and misleading information." The State moved to dismiss the petition for return of property "on the grounds that the State of Delaware is not in possession of the 2002 BMW and therefore, cannot return the vehicle to the Petitioner."

The Superior Court conducted a hearing on the State's motion to dismiss the petition for return of property. At this proceeding, the State prosecutor acknowledged that the State had turned the seized vehicle over to the lien holder and explained:

> The vehicle was turned over to the lien holder by the Wilmington Police at the present time because there was an agreement between the lien holder and Mr. Goodman, ... to the effect that, if the vehicle was seized, that would be reason in and of itself to retrieve the car by the lien holder. So the police did turn the vehicle over to the lien holder.

The prosecutor also acknowledged that after the police turned the seized vehicle over to Union Park BMW, the lien holder "sold the car ... to a bona fide purchaser in good faith."

The trial judge noted that Del.Code Ann. tit. 16, § 4784 did not provide for the recovery of "money damages" in a petition for return of property. The trial judge then granted the State's motion to dismiss the petition and ruled:

> I don't think that there is no remedy. But the remedy is unwieldy and not at all certain.... I agree you stand in the same position that many litigants who are dragged unwillingly into court, that [sic] they assert rights they never

contemplated by the substantive provisions in Del.Code Ann. tit. 16, § 4784(j).

should have had to have asserted in a legal action. But that doesn't really put your client in any different position than many litigants are in. So that alone is not going to make me circumvent the statute. We're not a court of equity. So my ruling on the motion to dismiss the petition for return of property is that I'm going to grant that motion to dismiss.

Now, unfortunately, that means that you can refile an action for damages against the State knowing that you've got a sovereign immunity issue and/or you can join them in your action against BMW Financial. Neither of which, I know, is the option that you want. But I think that's what you're left with....

So I think that's where we are in this. And I think it's no different from a situation in which there's a mortgage foreclosure action and there are very limited defenses that can be brought. So, for example, the creditor in a mortgage foreclosure action wants to bring fraud in the transaction against the lender or any of those kinds of things; they have to file a separate action, which can be viewed as unfair and unwieldy; but I think that's the situation we're in here.

So with that, I am going to grant the motion to dismiss, if I have a form of order.

### Issues on Appeal

Goodman and Richards argue that the Superior Court committed an error of law in granting the State's motion to dismiss their petition for return of property. First, they submit that the State violated the forfeiture provision in the Delaware Uniform Controlled Substances Act[3] by

3. Del.Code Ann. tit. 16, § 4784.

transferring the seized 2002 BMW automobile to the lien holder. Second, they contend that their requested remedy of an award of money damages against the State was erroneously denied by the Superior Court. Third, they argue that the Superior Court's refusal to award money damages against the State deprives them of a legal remedy for the loss of their automobile.

### Release to Lien Holder

■ It is undisputed that the State does not have possession of Goodman and Richards' automobile. Whether the police erred in turning over the 2002 BMW to the lien holder after it was seized is not an issue in this appeal.[4] Assuming that either the initial seizure of the vehicle or the subsequent release of it to the lien holder were improper, the first substantive issue to be decided in this appeal is whether the Delaware Uniform Controlled Substances Act provides for relief in the form of monetary damages. Accordingly, we turn to Goodman and Richards' second contention.

### Forfeiture Statute Provides Limited Remedy

Goodman and Richards argue that the Superior Court erroneously denied their request for money damages. The trial judge ruled that the exclusive remedy for an aggrieved party seeking return of seized property from the State is the limited relief provided in Del.Code Ann. tit. 16, § 4784. Since the Delaware Uniform Controlled Substances Act does not expressly provide for an award of money damages against the State in such a proceeding, this remedy was denied by the Superior Court in the following bench ruling:

Well, is there any authority that you're aware of that you can get it? The reason I ask that is because this procedure was put in place to replace a replevin action, in other words, to streamline the procedure to outline the specific procedure for return of property. It's a very narrow action. It wasn't meant to expand jurisdiction or expand remedies available. It was meant to provide a very narrow remedy which is available. That's the way I read the statute and the case law associated with it.

So I am very reluctant without authority to [the] contrary to find that money damages are recoverable under this procedure.

In their Opening Brief on appeal, Goodman and Richards did not present any authority allowing an award of money damages in an action seeking a return of seized property pursuant to the Delaware Uniform Controlled Substances Act. Therefore, this Court directed counsel for all parties to file supplemental memoranda and "identify any decision from another jurisdiction which has adopted the Uniform Controlled Substances Act that either permits or prohibits the recovery of monetary damages in a hearing on a petition for the return of property, when improperly seized property is unavailable to be returned." Neither counsel discovered any reported decision in another applicable state jurisdiction that addresses this precise issue.

The absence of authority may be explained by section 524(f) of the Uniform Controlled Substances Act which provides that: "An owner may maintain a civil action against the State to recover damages resulting from the negligent management

---

4. *See* Ana Kellia Ramares, J.D., Annotation, *Effect of Forfeiture Proceedings Under Uniform Controlled Substances Act or Similar Statute on Lien Against Property Subject to Forfeiture,* 1 A.L.R. 5th 317 (1992).

of property seized for forfeiture."[5] The commentary to this subsection of the Uniform Act states, "Subsection (f) creates a remedy for an owner who suffers damage from the State's negligent management of seized property. The owner cannot suffer damages if the property is forfeited to the State."[6]

■ Section 524(f) of the Uniform Act unambiguously contemplated that a civil action for monetary damages against the State would be *independent* of the action for a return of property. The Delaware General Assembly, however, did not even enact section 524(f) of the Uniform Act when it adopted the 1970 version of this uniform law.[7] Not only did the Delaware legislature not adopt section 524(f) of the Uniform Act, it also added Del.Code Ann. tit. 16, § 4784(e), which states that "Property taken or detained under this section shall not be subject to replevin ...."[8] We hold the Superior Court properly concluded that the Delaware Uniform Controlled Substances Act does not provide for a damages remedy within a return of property proceeding.

### Separate Action Remedy

■ Goodman and Richards final argument is that the Superior Court's rulings deprived them of any lawful remedy for the loss of their automobile. Goodman and Richards argue that an award of money damages should be permitted as a matter of public policy "where the State has wrongfully transferred possession of the property to a lien holder." The record reflects that the Superior Court did not deny Goodman and Richards the right to pursue a damages remedy. On the contrary, the trial judge ruled that Goodman and Richards do have a legal remedy for damages in the separate civil action they had already filed in the Superior Court against BMW Financial Services NA, LLC and the State of Delaware.[9]

■ The Superior Court properly recognized Goodman and Richards' right under the Delaware Constitution to bring a separate civil action for damages, notwithstanding the General Assembly's decision not to enact section 524(f) of the Delaware Uniform Controlled Substances Act. In the absence of any statutory cause of action, the "remedy for injury" provision contained in Delaware Constitution article I, § 9, provides, in part: "All courts shall be open; and every person for an injury done him or her in his reputation, person, movable or immovable possessions, shall have remedy by due course of law ...." The General Assembly's decision not to enact section 524(f) may, however, implicate another provision in the Delaware Constitution. Article I, § 9 provides that "[s]uits

5. Uniform Laws Annotated, Volume 9, Part III at p. 738 (1997).

6. Uniform Laws Annotated, Volume 9, Part III at p. 739 (1997).

7. 58 Del. Laws c. 424.

8. *See State v. One 1976 Pontiac Firebird,* 168 N.J.Super. 168, 402 A.2d 254, 258 (App.Div. 1979) (quoting a New Jersey statute that also prohibits replevin of forfeiture property).

9. After BMW refused to return the vehicle, either to the State or to Goodman and Richards, Goodman filed a Complaint for Replevin on March 14, 2003 seeking return of the vehicle either to the State of Delaware or to him. An Amended Complaint for Replevin was filed on June 24, 2003 to add Richards, the co-owner of the vehicle, as a party plaintiff. BMW sold the vehicle after a ruling by the Superior Court dismissing the Amended Complaint for Replevin. That judgment was overturned by this Court on appeal. *Goodman v. BMW Financial Services NA, LLC,* 854 A.2d 1158, 2004 WL 1790196 (Del.2004). The damages portion of that action is apparently pending.

may be brought against the State, according to such regulation as shall be made by law." Pursuant to the terms of that section, unless it is waived by the General Assembly "sovereign immunity is an absolute bar to the liability claim against the State of Delaware." [10]

 Delaware's basic statutory waiver of sovereign immunity is contained in the State Tort Claims Act.[11] The General Assembly's decision not to adopt section 523(f) of the Uniform Act may reflect a decision not to abrogate the traditional sovereign immunity defense beyond the provisions of the State Torts Claim Act. In this case, the trial judge properly recognized the Delaware constitutional right to bring a separate action for damages and also correctly noted that sovereign immunity may be an obstacle in the separate legal action for damages initiated by Goodman and Richards, as the automobile owners, against the State of Delaware. The issue of sovereign immunity is not before us in this appeal.

### Conclusion

The judgment of the Superior Court is affirmed.

---

10. Randy J. Holland, *The Delaware Constitution: A Reference Guide* 58 (2002).

11. Del.Code Ann. tit. 10, § 4001–05.