# IM THE SUPERIOR COURT OF THE STATE OF DELAWARE

KIMBERLY LETKE,             )

                                       )      C.A. No. S23C-02-019 CAK

      Plaintiff,           )      (consolidated with

                                       )      C.A. No. S23C-10-002 CAK)

      v.                  )

                                       )

MATTHEW SPRENKLE,     )

CPL. TYLER BEULTER, and   )

ATTORNEY GENERAL      )

KATHLEEN JENNINGS,     )

                                       )

      Defendants.         )

Submitted:  April 30, 2024
Decided: May 6, 2024

*Defendant Beulter's Motion to Dismiss Complaint*

**GRANTED**

## MEMORANDUM OPINION AND ORDER

Kimberly Letke, 18862 Sylvan Drive, Rehoboth Beach, DE 19971, *Pro Se*.

Devera B. Scott, Esquire, and Travis Groski, Esquire, Deputy Attorneys General, 391 Lukens Drive,  New Castle, DE 19720, Attorneys for Defendants Cpl. Tyler Beulter and Attorney General Kathleen Jennings.

Paul G. Enterline, Esquire, 113 South Race Street, Georgetown, DE 19947, Attorney for Defendant Matthew Sprenkle.

**KARSNITZ, R. J.**

**Procedural Background**

On February 15, 2023, Kimberly Letke ("Plaintiff") filed a *pro se* Complaint against Defendant Matthew Sprenkle ("Sprenkle") for defamation and malicious prosecution. Sprenkle filed his *pro se* Answer to the Complaint on April 10, 2023.

On October 3, 2023, Plaintiff filed another Complaint against Sprenkle and added Defendants Cpl. Tyler Beulter of the DNREC police ("Beulter") and the Attorney General of Delaware, Kathleen Jennings ("Jennings"), in which she added three additional claims: false arrest and violations of public trust, unlawful detention, and violations of her rights under the Fourth Amendment to the United States Constitution.

On February 13, 2024, I consolidated the two cases.

On February 22, 2024, Defendants Beulter and Jennings filed a Motion to Dismiss, to which Plaintiff filed a Response on March 25, 2024.

On March 6, 2024, Defendant Sprenkle, now represented by counsel, filed a Motion for Judgment on the Pleadings, to which Plaintiff filed a Response on April 3, 2024.

On April 26, Plaintiff filed a "Motion for Judgement on the Pleadings" against Defendants, to which Defendant Sprenkle filed a Response on April 26, 2024.

I heard oral argument on Defendants' Motion to Dismiss and Motion for Judgment on the Pleadings on April 30, 2024. I granted the Motion to Dismiss as to Defendant Jennings and the Motion for Judgment on the Pleadings as to Defendant Sprenkle from the bench, but reserved my judgment as to Cpl. Beutler. This is my decision on the Motion to Dismiss as to Cpl. Beulter.

**Facts**

Since I am deciding this Motion on immunity grounds, a lengthy recitation of the facts is unwarranted.  On November 7, 2022, Sprenkle hunted and harvested a deer in Cape Henlopen State Park, allegedly trespassing on Plaintiff's neighbor's property to reach the Park. Plaintiff shouted at Sprenkle and called the police. The police spoke with Sprenkle and ultimately arrested Plaintiff for a violation of the Delaware statute prohibiting impeding lawful hunting[1] The charge was ultimately dropped. Plaintiff's claims, including those for defamation and malicious prosecution,[2] spring from that incident and the statements that Sprenkle allegedly made to Beulter about Plaintiff.

**Immunity**

I consider any immunity of Beutler under two possible scenarios: absolute

---

[1] 7 *Del. C.* § 724.

[2] Plaintiff's original claims included false arrest, unlawful detention, and violation of the Fourth Amendment to the United States Constitution, but at the April 30, 2024 hearing Plaintiff dropped these claims.

sovereign immunity under Article 1, § 9 of the Delaware Constitution and applicable law, or qualified immunity under applicable Delaware statutory and case law.

**Absolute Immunity**

The doctrine of sovereign immunity provides that the State of Delaware, including its agencies, can only be sued by consent, or by an express act of the General Assembly.[3] In order to establish a waiver of the State's sovereign immunity, Plaintiff must demonstrate that: "(1) the State has waived the defense of sovereign immunity for the actions mentioned in the Complaint; and (2) the State Tort Claims Act does not bar the action."[4] Without a waiver of sovereign immunity, however, the claims against the State are barred, and the Court's inquiry ends.[5] When the State has not waived sovereign immunity, the Court does not have to consider whether the State Tort Claims Act is applicable.[6]

This Court has dismissed claims against Delaware state agency defendants where the state agency defendants submitted an affidavit from the Insurance Coverage Administrator of the State of Delaware affirming that the State had not

---

[3] *Pauley v. Reinoehl,* 848 A.2d 568, 573 (Del. 2004) (citing Del. Const. art. I § 9); *Shellhorn & Hill, Inc. v. State,* 187 A.2d 71, 74 (Del. 1962); *Boyer v. Garvin,* 2020 WL 532747, at *2 (Del. Super. Jan. 28, 2020); *Goodman v. State,* 882 A.2d 173, 178 (Del. 2005) (citing Randy J. Holland, *The Delaware Constitution: A Reference Guide* 58 (2002)); *State of Delaware Department of Health and Social Services v. Sheppard,* 2004 WL 2850086, at *1 (Del. 2004).
[4] *Sheppard,* 2004 WL 2850086, at *1 *(quoting Pauley,* 848 A.2d at 573).
[5] *Boyer,* 2020 WL 532747, at *2 (Del. Super. Jan. 28, 2020).
[6] *Id.*

4

purchased any insurance coverage for such claims. Without a waiver of sovereign immunity, the Court held that plaintiffs' claims were barred, and therefore, the Court was not required to consider whether the State Tort Claims Act was applicable.[7]

In this case, the Insurance Coverage Administrator has submitted a comparable affidavit for Beulter (with respect to the DNREC police). The State Insurance Coverage Act does not provide a statutory waiver of sovereign immunity because Beulter and his agency are not insured for Plaintiff's claims.

**Qualified Immunity**

Assuming *arguendo* that there is not absolute sovereign immunity for Beulter, or that the State has waived sovereign immunity with respect to him or his agency, the doctrine of qualified immunity bars Plaintiff's claims against Beulter. That doctrine shields employees and public officers of the State of Delaware if their conduct: "(l) arose out of and in connection with the performance of official duties involving the exercise of discretion, (2) was performed in good faith, and (3) was performed without gross or wanton negligence."[8] Plaintiff bears the burden of proving that one of these elements is absent.[9] "When properly applied, [qualified immunity] protects all but the plainly 'incompetent or those who knowingly violate the law.'"[10]

---

[7] *Id* .

[8] *Wonnum* v. *Way,* 2017 WL 3168968, at *2 (Del. Super. Ct. July 25, 2017).

[9] 10 *Del.* C. § 4001.

[10] *Taylor* v. *Barkes,* 575 U.S. 822, 825 (2015) (per curiam) (internal quotations omitted).

In my view, Plaintiff's claims against Beulter are founded upon an alleged act or omission arising out of the performance of his official duty, and, therefore, barred by the qualified immunity statute. First, all actions surrounding Plaintiff's arrest were in the performance of an official duty. Second, there is nothing in the Complaint, other than what may be fairly read as mere accusations, that indicates Beulter was not acting in good faith. Third, there is nothing in the Complaint that indicates that Beulter acted with gross or wanton negligence.

**Conclusion**

For the reasons discussed above, Defendant Beulter's Motion to Dismiss is **GRANTED.**

**IT IS SO ORDERED**.

/s/ Craig A. Karsnitz

Craig A. Karsnitz

cc:     Prothonotary