69 N.J. Super. 211 (1961)
174 A.2d 95
ROBERT J. HOOVER, JOHN J. FRANKOSKY, EUGENE McGUIRE, DANIEL PALLITTA, JOSEPH TAKACS, JR., AND JOSEPH PINNIZOTTO, PLAINTIFFS,
v.
THE TOWNSHIP COMMITTEE OF THE TOWNSHIP OF EAST BRUNSWICK, MIDDLESEX COUNTY, NEW JERSEY, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided September 18, 1961.
*213 Messrs. Appleby & Appleby, attorneys for the plaintiffs (Mr. Theodore Appleby, of counsel).
Messrs. Burton, Seidman & Burton, attorneys for the defendant (Mr. Baruch S. Seidman, of counsel).
CONVERY, J.C.C. (temporarily assigned).
This is an action in lieu of prerogative writs by former members of the Police Department of the Township of East Brunswick, New Jersey, in which the plaintiffs assert the right of reinstatement to their former positions.
On June 8, 1954 the then governing body of the defendant township adopted an ordinance establishing a full time township police department and thereafter the plaintiffs and others not parties to the present action were appointed as members of the said department. On December 14, 1954 an ordinance establishing rules and regulations for the department was adopted.
On February 8, 1955 an ordinance was introduced and subsequently adopted repealing the ordinance of June 8, 1954, and a further ordinance was adopted repealing that of December 14, 1954. Upon the adoption of the repealing ordinances and pursuant to the provisions of R.S. 40:149-2, the members of the former police department were offered the opportunity to be appointed as police officers in the part-time department established on February 22, 1955. This offer was not accepted and subsequently a resolution was adopted by the township committee appointing others as police officers.
Thereafter, ten of the former members of the police department, including the plaintiffs herein, filed a complaint in lieu of prerogative writs in the Superior Court of New Jersey, Law Division, Middlesex County, wherein they *214 sought to set aside the ordinance which repealed the previous ordinance establishing the police department and to be reinstated as members of said department. This suit proceeded to a hearing and judgment was entered in favor of the defendant township.
On November 19, 1959, allegedly upon information that a new full-time department was to be established, plaintiffs sent a letter to the township committee requesting reinstatement should such department be established. On February 23, 1960, five years after the abolition of the previous department, the township committee adopted an ordinance establishing a new police department in and for the said township and thereafter, on the basis of competitive examinations, certain persons were appointed to the police department created by such ordinance. The plaintiffs in this action allege a right of reinstatement to the present department under the provisions of R.S. 40:47-11, 40:11-10, 40:11-11, 40:11-12, 40:47-6, 38:16-1 and 11:27-7.
R.S. 40:47-11 provides:
"When the governing body of a municipality shall for reasons of economy, decrease the number of policemen * * * in the municipality, any policeman * * * so removed shall be carried on a special list and if any new appointments are made to such department, the policeman * * * so removed shall be appointed thereto before any other person."
R.S. 40:11-10 provides:
"When the governing body * * * for reasons of economy, find it necessary to decrease the * * * officers or members of any police * * * department * * * they shall proceed in the following manner: * * * All dismissals or removals from the department shall be made from the last person or persons appointed to the department regardless of the rank of such person at the time of decreasing the number of employees."
R.S. 40:11-11 provides:
"If any * * * member of any such department shall be demoted to a lower rank or grade such * * * member shall be carried on a special list and when promotions are made * * * the *215 persons demoted on the ground of economy shall be the first to be restored to the rank from which they were demoted."
N.J.S.A. 40:11-12 provides:
"If any * * * member of * * * such department is removed from the department for reasons of economy such * * * member shall be carried on a special list and in the event that any new appointments are made to such department, the persons so removed for reasons of economy shall first be appointed thereto in the order of their seniority of service * * * before any other persons are appointed."
N.J.S.A. 40:47-6 provides:
"No person shall be removed from office or employment in any such police department * * * for political reasons, or for any other cause than incapacity, misconduct, nonresidence, or disobedience of rules and regulations established * * * in such municipality. No person * * * shall be suspended, removed * * * except for just cause * * * only after written charge or charges * * * against such officer * * * publicly examined by the appropriate board or authority."
N.J.S.A. 38:16-1 (Militia, Soldiers, and Sailors Act) provides:
"No person now holding any employment * * * whose term of employment * * * is not now fixed by law * * * and has been honorably discharged from the service of the United States * * * shall be removed from such employment * * * except for good cause shown after a fair and impartial hearing."
And N.J.S.A. 11:27-7 (Civil Service Act) (presumably intended to refer to N.J.S.A. 11:27-8), which provides:
"When a reduction is made of the employees in any department of * * * any * * * municipality * * * operating under the provisions * * * of this Title for the purpose of economy * * * preference, in * * * such reduction shall be given to a veteran * * *."
The defendant has urged that the plaintiffs are barred from relief by reason of not having commenced these proceedings *216 within the time prescribed by R.R. 4:88-15(a), and, furthermore, that laches effectively precludes this suit.
From March 22, 1960, the date the new officers were appointed, to May 31, 1960, the date of the filing of the complaint, represents a period of somewhat more than two months. This is beyond the 45-day period prescribed by R.R. 4:88-15(a) and (b). Consideration must be given to R.R. 4:88-15(c), which provides:
"Where it is manifest that the interests of justice require, the court may enlarge the period of time provided for in paragraph (a) or (b) of this rule."
The tendency today is clear, and the applicable considerations were stated by Justice Burling in Schack v. Trimble, 28 N.J. 40 (1958). This case would appear to be the leading one in this area and was cited as controlling in Napierkowski v. Gloucester Tp., 29 N.J. 481 (1959), and DeNike v. Board of Trustees of the Public (State) Employees' Ret. System of N.J., 34 N.J. 430 (1961). The court in Schack, inter alia, said on pages 50 and 51 of 28 N.J.:
"* * * A strict adherence to timing requirements under these circumstances would only work inequities in individual instances and tend to stifle salutory efforts at negotiation before judicial relief is sought."
"The governing criterion for the rigid application of the time limits of the rule is * * * a policy consideration that before the litigant's right which turns upon a question of law is barred, there ought to be a formal hearing and adjudication on the question with appropriate written conclusions of law and fact."
The litigant should be "fully impressed" as to "the finality of the determination and the precise grounds upon which relief was denied."
"In sum, it may be said that the interests of justice would ordinarily require that an extension be permitted for an out of time attempt to obtain judicial review of an informal * * * ex parte administrative determination, where the right to relief depends upon the determination of a legal question. This is so in the absence of laches or prejudice resulting to the government from the extension."
*217 It is my judgment that the plaintiffs are not precluded from an adjudication on the merits of their claim merely because their action was not commenced within the 45 day period.
As to the defense of laches, it seems to me that virtually the same considerations are applicable and with the same result. This type of action is subject to the equitable doctrine of laches in its legal signification and relief would be denied if the result would work a public injury or embarrassment. Beronio v. Pension Commission of City of Hoboken, 130 N.J.L. 620 (E. & A. 1943). Excusable delay does not operate as an estoppel against the assertion of the right. It is my judgment the plaintiffs should be accorded a full, final and dispositive judgment on the substance of their claim.
The plaintiffs have urged in effect that they have a vested right and interest in the Police Department of East Brunswick, defeasible only by some misconduct on their part, such right arising under the several statutes mentioned. Some of these can be disposed of in a summary manner while others may require closer analysis. The former class includes N.J.S.A. 40:47-6, 38:16-1 and 11:27-8; while the latter encompasses R.S. 40:47-11, 40:11-10, 40:11-11 and 40:11-12.
N.J.S.A. 40:47-6, in essence, proscribes the removal of any person from office or employment in the police department for political reasons and further directs that a "fair trial" be accorded such employees before any such removal can be effected; while the substance of N.J.S.A. 38:16-1 accords honorably discharged veterans of the armed services with essentially the same protection. These statutes can offer the plaintiffs no comfort as the question of their removal and the abolition of the department have been adjudicated in a prior proceeding and judgment entered in favor of the defendant township; thus these matters are res judicata. Any question arising under N.J.S.A. 11:27-8 *218 need not be resolved as East Brunswick does not operate under civil service.
R.S. 40:47-11, 40:11-10, 40:11-11 and 40:11-12, when taken together and considered in the light of the present controversy, pose essentially the same problem. It is provided therein that "[if a] municipality shall, for reasons of economy, find it necessary to decrease the number of employees, officers or members of [its police department]" or for the same reasons "any officer * * * is removed from the department," such members shall be placed on a "special list" and be given preferential treatment "if * * * new appointments are made to such department."
The plaintiffs urge that this group of statutes, or at least certain of them, vest in them the right of reinstatement in the police department created by the ordinance adopted February 23, 1960; whereas it is the defendant's contention that these statutes are inapplicable and that no such right accrued thereunder. The problem presented is one of statutory construction and the issue more narrowly defined is whether the plaintiffs come within their purview.
The right to be placed in a "special list" with the consequent "preferential treatment" did not exist at common law. 4 McQuillin, Municipal Corporations (3d ed. 1949), sec. 12.268, page 414 (1949). It is a fundamental principle that if a statute imposes a duty or burden or establishes a right or benefit not recognized at common law, the statute will be given a strict interpretation. Dacunzo v. Edgye, 19 N.J. 443 (1955). This rule of construction should not be applied with such rigidity as to defeat the "obvious purpose of the legislature," Ross v. Miller, 115 N.J.L. 61 (Sup. Ct. 1935); Magierowski v. Buckley, 39 N.J. Super. 534 (App. Div. 1956), but where a change in the common law is asserted to have been effected, the legislative intent must be clearly and plainly expressed. Woollcott v. Shubert, 217 N.Y. 212, 111 N.E. 829, L.R.A. 1916E, 248 (Ct. App. 1916).
*219 It is clear that the statutes in question did change the common law, but the primary question presented here is the extent of such change. If the 1955 ordinance had merely reduced the size of the police department while continuing it intact, and the 1960 ordinance were simply an extension of an already existing department, there would be no dispute as to the plaintiffs' rights. But the plaintiffs assert, in effect, that their rights under the statutes arise from the mere fact that they were once employed by the police department and that even though such department was completely and validly abolished, that fact is of no consequence. I do not believe this to be a reasonable interpretation of the law.
The statutes accord to the members of a police department who have been removed or dismissed for reasons of economy, a right to the preferential treatment only so long as such department continues to exist. The terms of the statutes clearly appear to contemplate such a continuation. Neither do the words "abolish" or "terminate" appear, nor are there within the statutes words which could reasonably be construed to have such a meaning. Each speaks rather of a "decrease" in or a "removal" of members from the department. Furthermore, each provides that the preference shall be afforded in the event that "new appointments are made to such department," clearly importing that the department which has been "decreased" in membership or from which employees or officers were "removed" will remain in being.
A further consideration on this matter of the plaintiffs' purported right is the question of wherein such right can be said to exist. In order for any right of reinstatement or preferential treatment to accrue to a party, there must be some object in which it could be said to exist. If such right did arise in favor of these plaintiffs it did so when they were removed from office on June 8, 1954, but as of that day there was nothing in which it could exist  i.e., the *220 police department was abolished. In Ziegler v. City Manager and City Council of City of Hackensack, 115 N.J.L. 328 (Sup. Ct. 1935), the plaintiff sought mandamus to compel the city to reinstate him to his former position of fire chief, abolished for reasons of efficiency and economy. The court held that as a result of the abolition of the plaintiff's office there was nothing to which he might be reinstated. Any connection which the plaintiffs might have with the police department must depend on its continued existence, and when abolished the right abates.
It is my judgment that the interpretation which the statutes demand, being in derogation of the common law, and being consistent with a reasonable appraisal of the legislative intent, indicates a continuation of such department.
I therefore conclude that the plaintiffs have no right to the preferential treatment afforded by R.S. 40:47-11, 40:11-10, 40:11-11, 40:11-12, and that judgment should be entered for defendant.