964 A.2d 341 (2009)
405 N.J. Super. 304
David HORSNALL, Plaintiff-Respondent/Cross-Appellant,
v.
WASHINGTON TOWNSHIP (MERCER COUNTY) DIVISION OF FIRE; David Fried, Mayor, individually and in his capacity as Mayor of the Township of Washington; Mary Caffrey, Administrator, individually and in her capacity as Township Administrator; Sonja Walter, President Township Council, individually and in her capacity as President of Council; David Boyne, Vice President, Council, individually and in his capacity as Council *342 Member; Ronda Hyams, Council Member, individually and in her capacity as Council Member; William Lesniak, Council Member, individually and in his capacity as Council member; Cliff Lucido, individually and in his capacity as Member of the Township Evaluation Committee; Kevin Brink, Chief, individually and in his capacity as Fire Chief; Marty Masseroni, individually and in his capacity as Member of the Township Evaluation Committee; Chuck Petty, individually and in his capacity as Member of the Township Evaluation Committee; and Michael McGowan, individually, Defendants-Appellants/Cross-Respondents.
No. A-0655-07T3.
Superior Court of New Jersey, Appellate Division.
Argued October 20, 2008.
Decided February 24, 2009.
*343 Eric L. Harrison, Edison, argued the cause for appellants/cross-respondents (Methfessel & Werbel, attorneys; Mr. Harrison, of counsel; Keith J. Murphy, on the brief).
John P. Rowland, Haddon Heights, argued the cause for respondent/cross-appellant (Alterman & Associates, attorneys; Mr. Rowland, on the brief).
Before Judges CARCHMAN, SABATINO and SIMONELLI.
The opinion of the court was delivered by
CARCHMAN, P.J.A.D.
Defendants, Washington Township (Mercer County) Division of Fire, Mayor David Fried, Township Administrator Mary Caffrey, President of the Township Council Sonja Walter, Township Council Vice-President David Boyne, Council members Ronda Hyams and William Lesniak, Fire Chief Kevin Brink, Township Evaluation Committee Members Marty Masseroni, Cliff Lucido and Chuck Petty, and Michael McGowan appeal from a judgment *344 of the Law Division ordering the reinstatement of plaintiff David Horsnall, a Captain in the former Washington Township Fire District, to the position of Captain in the newly-created Washington Township[1] Division of Fire. We affirm and conclude that the creation of the Division of Fire to replace a previously existing Fire District does not eliminate a Fire District fireman's statutory tenure protections, N.J.S.A. 40A:14-19 and N.J.S.A. 40A:14-25. On plaintiff's cross-appeal, we affirm the denial of counsel fees.
These are the relevant facts informing our opinion. In 2006, the Township determined that it would replace its Fire District and create the Division of Fire. To implement the change, the Township, on June 22, 2006, and pursuant to N.J.S.A. 40A:14-91, adopted Resolution 2006-105, which set forth the time and a date, July 27, 2006, for a hearing on an application to dissolve the Township's Fire District.
Thereafter, on July 27, 2006, the Township Council adopted Resolution 2006-155, authorizing the dissolution of the Fire District and applying to the Local Finance Board of the Department of County Affairs, pursuant to N.J.S.A. 40A:5A-20, to create the Division of Fire within the Township's Department of Public Safety. That action was followed by the Local Finance Board adopting a resolution approving the dissolution of the Fire District.
One of the critical issues of concern was the status of the Fire District employees under the new proposal. That question was answered when Caffrey, the Township Business Administrator, sent packets to all Fire District employees with applications for employment with the Division of Fire, including notification that the current employees of the Fire District needed to apply for employment with the Township to serve in the Division. The packet established a November deadline for applications as well as interviews.
Plaintiff filed a timely application, and on November 28, 2006, Caffrey wrote to plaintiff that the Evaluation Committee had considered his application. Caffrey then advised plaintiff that based on the Committee's recommendation, she could not extend an offer of employment. She told plaintiff that he should not report for the remainder of his scheduled shifts through the end of 2006 but he still would be fully compensated for that period. In addition, since the Division of Fire "[would organize on] January 1, 2007," he was eligible for COBRA[2] on that date.
On November 30, 2006, the Township Council passed, and on December 5, 2006, adopted, Ordinances 2006-40 and 2006-41. Ordinance 2006-40 created the Division of Fire and revised the Township Code. It also provided that upon dissolution of the Fire District, the Township shall assume all fire protection services for the same geographic region previously serviced by the Fire District. Ordinance 2006-41 dissolved the Fire District effective midnight on December 31, 2006, provided that all conditions in the Ordinance were met.
On February 16, 2007, plaintiff filed a five-count complaint in lieu of prerogative writs against defendants alleging: (1) his removal was without just cause and written complaint in violation of N.J.S.A. 40A:14-19; (2) defendants failed to adhere to N.J.S.A. 40A:14-19 and grant plaintiff a hearing which constituted a denial of due process under the United States Constitution *345 and the New Jersey Constitution; (3) the termination of plaintiff's employment violated N.J.S.A. 40A:14-25, because the statute requires termination in inverse order of appointment; (4) defendants' actions in dissolving the Fire District and staffing positions were arbitrary and capricious; and (5) the application for dissolution of the Fire District was deficient pursuant to N.J.S.A. 40A:14-91. Plaintiff sought a variety of relief including reinstatement, back pay, counsel fees and costs.
In lieu of filing an answer, defendants filed a motion to dismiss the complaint. Plaintiff countered with a cross-motion for partial summary judgment. Judge Feinberg granted plaintiff's motion, in part, ordering reinstatement and back pay. She likewise concluded that plaintiff's action was not barred by the forty-five day limitation period of Rule 4:69-6. She later supplemented her opinion and denied counsel fees. The appeal and cross-appeal followed.

I.
We first address the issue of whether plaintiff's cause of action was time-barred. Rule 4:69-6(a) provides: "No action in lieu of prerogative writs shall be commenced later than 45 days after the accrual of the right to the review, hearing or relief claimed, except as provided by paragraph (b) of this rule." Rule 4:69-6(c) provides: "The court may enlarge the period of time provided in paragraph (a) or (b) of this rule where it is manifest that the interest of justice so requires."
Defendants assert that the accrual date for plaintiff's cause of action was November 28, 2006, the date that the Township Administrator notified plaintiff in writing that the Division of Fire would not be offering him employment. The motion judge concluded that the accrual date was January 1, 2007, the date plaintiff's employment ceased due to the dissolution of the Fire District.
Defendants rely on an assessment case, Macleod v. City of Hoboken, 330 N.J.Super. 502, 750 A.2d 152 (App.Div.2000)[3], which is easily distinguishable. In Macleod, the plaintiff filed an action in lieu of prerogative writs in the Law Division challenging an added assessment on his condominium as an unconstitutional spot assessment. The judge granted the plaintiff's motion for summary judgment. Ibid. We reversed, stating:
"The right to appeal a real property assessment is statutory, and the appellant is required to comply with all applicable statutory requirements." F.M.C. Stores Co. v. Borough of Morris Plains, 195 N.J.Super. 373, 381, 479 A.2d 435 (App.Div.1984), aff'd, 100 N.J. 418, 495 A.2d 1313 (1985). See also Hovbilt, Inc. v. Township of Howell, 138 N.J. 598, 603, 651 A.2d 77 (1994); City of Newark v. Fischer, 3 N.J. 488, 493, 70 A.2d 733 (1950). "N.J.S.A. 54:3-21 provides the process by which appeals of tax assessments are to be taken." In re Appeal of Tp. of Monroe from Determination of Local Finance Bd., 289 N.J.Super. 138, 145, 673 A.2d 279 (App. Div.1995), certif. denied, 144 N.J. 172, 675 A.2d 1121 (1996). The statutory scheme contemplates a prescribed chain of review for appeal of a tax assessor's actions through the county tax board *346 and the court system, starting with the Tax Court. Ibid.

[Id. at 505-06, [750 A.2d 152].]
Because the plaintiff did not appeal the assessment by the statutory deadline in N.J.S.A. 54:3-21, or appeal the added assessment by the deadline in N.J.S.A. 54:4-63.11, it was a fatal jurisdictional defect. Macleod, supra, 330 N.J.Super. at 506, 750 A.2d 152. We did not overlook the use of an action in lieu of prerogative writs to bypass the statutory bar, but ultimately, we determined that the accrual date for plaintiff's appeal was long past the forty-five day period, and there were no considerations that warranted an extension of that time.
Here, the November 28, 2006 letter was nothing more than notification of an impending action, namely that plaintiff's employment would cease as of December 31, 2006. January 1, 2007, was the first day that plaintiff did not have a job, which is when his right of review accrued. That being the case, plaintiff's filing on February 16, 2007, falls within the limitation period. See R. 1:3-1 (noting that the day of act or event from which the appeal is taken is not included in the computation).
Even if the operative date were earlier than January 1, Judge Feinberg's other basis for finding the cause timely was correctthat the interests of justice warranted an enlargement of time because it affected the public interest. Rule 4:69-6(c).
The New Jersey Supreme Court has defined three general categories of cases that qualify for the "interest of justice" exception: "[C]ases involving (1) important and novel constitutional questions; (2) informal or ex parte determinations of legal questions by administrative officials; and (3) important public rather than private interests which require adjudication or clarification." Brunetti v. Borough of New Milford, 68 N.J. 576, 586, 350 A.2d 19 (1975). The Court has noted:
Other factors that will ordinarily guide courts include whether there will be a continuing violation of public rights, Jones v. MacDonald, 33 N.J. 132, 138, 162 A.2d 817 (1960) (holding that "each purported exercise of the right of office by one without title to it constitutes a fresh wrong"); whether individual installments or payments are to be made under the challenged contract, Meyers v. Mayor and Council of the Borough of East Paterson, 37 N.J.Super. 122, 128, 117 A.2d 27 (App.Div.1955), aff'd, 21 N.J. 357, 122 A.2d 337 (1956) (successive payments of salary under illegally created position constitute separate remediable acts); whether the question will have a continuing impact on the parties, Reahl v. Randolph Township Mun. Utils. Auth., 163 N.J.Super. 501, 510, 395 A.2d 241 (App. Div.1978), certif. denied, 81 N.J. 45, 404 A.2d 1146 (1979) (holding power of municipal authority to charge standard annual rate for sewer service was a question of public importance); whether the plaintiffs seek injunctive or other equitable relief in addition to the review of governmental action, Thornton v. Village of Ridgewood, 17 N.J. 499, 510, 111 A.2d 899 (1955) (holding equitable relief not barred by statute of limitations).
[Reilly v. Brice, 109 N.J. 555, 559, 538 A.2d 362 (1988).]
See also Harrison Redevelopment Agency v. DeRose, 398 N.J.Super. 361, 418, 942 A.2d 59 (App.Div.2008) (expanding the forty-five-day limitation because of the public importance of a "blight designation" and because the notice to property owners was constitutionally inadequate). "Balanced against these public interests, however, is the important policy of repose expressed in *347 the forty-five day rule. The statute of limitations is designed to encourage parties not to rest on their rights." Reilly, supra, 109 N.J. at 559, 538 A.2d 362.
The judge concluded that the facts in this case present procedural and substantive constitutional issues and implicate important public policy issues regarding the Township's adherence to N.J.S.A. 40A:14-19 and N.J.S.A. 40A:14-25, which "require notice and a hearing prior to the removal of an employee as well as termination by inverse order of appointment when the firefighting force is reduced for reasons of economy." She also concluded that a "myriad of legal issues" may arise because the Local Finance Board had never previously entertained an application to dissolve a fire district and approve an application to create a division of fire, including the impact the dissolution has on the statutory protections afforded firefighters.
Defendants claim that these exceptions do not apply because there are no novel constitutional questions and no important public interests requiring adjudication or clarification. Defendants frame this issue as the non-hiring of an employee by a newly-created municipal entity. They contend that there are no constitutional issues raised by this private dispute, but instead it is merely a case of statutory interpretation. Defendants' framework is too narrow.
The failure to continue plaintiff's employment involves a constitutional right the tenure provision for firefighters. Recently, in Sellers v. Board of Trs. of Police & Firemen's Retirement Sys., 399 N.J.Super. 51, 56-57, 942 A.2d 870 (App.Div. 2008), we quoted language from a 1997 opinion letter of the New Jersey Attorney General: "[I]t should be noted that tenure in continued public employment, guaranteed by statute, is a vested right subject to the protection of the United States Constitution." Id. at 56-57, 942 A.2d 870 (quoting 97-1 Op. Att'y Gen. 3-4 (1997) (citing Bd. of Regents of State Colls. v. Roth, 408 U.S. 564, 576-77, 92 S.Ct. 2701, 2708-09, 33 L.Ed.2d 548, 560-61 (1972); Battaglia v. Union Cty. Welfare Bd., 88 N.J. 48, 438 A.2d 530 (1981), cert. denied, 456 U.S. 965, 102 S.Ct. 2045, 72 L.Ed.2d 490 (1982))).
The protection or challenge to tenure rights of public employees including firefighters, police officers or even public employees in general is a matter of keen public interest and in many instances rising to the level of constitutional proportions. Even assuming an accrual date earlier than January 1, we agree with the judge's conclusion that the consideration of plaintiff's cause of action outside of the forty-five day bar was warranted under Rule 4:69-6(c). She correctly reached that conclusion.

II.

A.
We now address the merits of plaintiff's underlying claim of unlawful removal as a permanent paid firefighter.
All parties recognize that two statutory provisions govern the ultimate resolution of the questions raised both in the trial court and on this appeal. We first consider the statutory construct.
Fire Department employees are granted certain employment protections by the Legislature. N.J.S.A. 40A:14-19 provides:
Except as otherwise provided by law no permanent member or officer of the paid or part-paid fire department or force shall be removed from his office, employment or position for political reasons or for any cause other than incapacity, misconduct, or disobedience of rules and regulations established for the government of the paid or part-paid fire *348 department and force, nor shall such member or officer be suspended, removed, fined or reduced in rank from or in office, employment or position therein except for just cause as hereinabove provided and then only upon a written complaint, setting forth the charge or charges against such member or officer. Said complaint shall be filed in the office of the body, officer or officers having charge of the department or force wherein the complaint is made and a copy thereof shall be served upon the member or officer so charged, with notice of a hearing thereon designating its time and place by the proper authorities, which shall be not less than 10 nor more than 30 days from the date of service of the complaint. A failure to substantially comply with said provisions as to the service of the complaint shall require a dismissal of the complaint.
[(Emphasis added).]

N.J.S.A. 40A:14-25 provides:

The governing body of any municipality, if they shall deem it necessary for reasons of economy, may decrease the number of members and officers of the paid or part-paid fire department or force or their grades or ranks. In case of demotion from the higher ranks, the officers or members to be so demoted shall be in the inverse order of their appointment. When the service of members or officers is terminated, such termination shall be in the inverse order of their appointment. Any member or officer who is demoted or whose service is terminated by reason of such decrease shall be placed on a special employment list, and in the case of subsequent promotions, a person so demoted shall be reinstated to his original rank, and in the case of termination of service and new appointment, prior consideration shall be given to the persons on said special employment list.
[(Emphasis added).]
In applying these provisions to plaintiff's claims that the Township violated N.J.S.A. 40A:14-19 and N.J.S.A. 40A:14-25, the judge rejected defendants' claim that they dissolved or abolished the Fire District and all of its employees with it. She concluded that the reality was that, as in City of Camden v. Civil Serv. Comm'n, 118 N.J.L. 501, 193 A. 686 (Sup.Ct.1937), the fire department was not abolished; it has never changed and continues to operate as before, with the only difference being management. Plaintiff's termination "blatantly offended the tenure conferred by N.J.S.A. 40A:14-19 and N.J.S.A. 40A:14-25." In effect, plaintiff's constitutionally-protected property interest in his tenure and continued employment was subject to a statutory scheme that permitted termination on a showing of just cause. Based on this, she concluded: "As such, the court is unable to conclude the legislature intended the Local Fiscal Law, N.J.S.A. 40A:5A-20, to supersede the statutory provisions which protect plaintiff's constitutional property interest."
The judge added that the legislative history supported the conclusion that the dissolution provisions of the Local Authorities Fiscal Control Law, N.J.S.A. 40A:5A-1 to -27 (LAFCL), primarily serve as an economic mechanism. The judge concluded:
These sections should not be construed to override employment and tenure statutes implemented for the benefit of certain employees. The protections do not limit defendants' ability to downsize the force for reasons of economy or efficiency. However, the reduction must be done in adherence to N.J.S.A. 40A:14-25, which requires the reduction of personnel by inverse order of appointment.
*349 Comparing analogous circumstances in both the situation of dissolution of a school district, see N.J.S.A. 18A:13-64 (preserving affected teachers' rights of tenure, seniority, pension, leave of absence, and other similar benefits), and the Faulkner Act, N.J.S.A. 40:69A-1 to -210, under which the Township is organized, specifically N.J.S.A. 40:69A-207 (protecting the rights of firefighters in the event of reorganization), she found the tenure provisions of N.J.S.A. 40A:14-19, to predominate and protect plaintiff's interests, and ultimately concluded that plaintiff was entitled to reinstatement, back pay and costs but not counsel fees.

B.
Defendants' arguments are multi-faceted. They maintain that the statutory protections afforded by N.J.S.A. 40A:14-19 and N.J.S.A. 40A:14-25 do not entitle plaintiff to continued employment following the valid dissolution of the Fire District and the creation of the Division of Fire. Defendants also claim that plaintiff's cessation of employment due to the statutory dissolution of the Fire District is not tantamount to termination or removal, so N.J.S.A. 40A:14-19 and N.J.S.A. 40A:14-25 do not apply. Defendants assert that plaintiff was not terminated or removed from his employment with an existing municipal entity. Instead, defendants argue that plaintiff's employment ceased when the Fire District was dissolved, and there was no continued expectation of employment.
Defendants concede that N.J.S.A. 40A:14-19 provides firefighters with a constitutionally-protected property interest in their tenure and confers a reasonable expectation of continued employment unless and until just cause is established for termination. However, they state that plaintiff's term of employment ended at midnight on December 31, 2006, when the Fire District was dissolved, and not because he was fired, concluding that there was no requirement for a formal finding of just cause or a written complaint.
To support their assertion that plaintiff's discontinuation of employment did not constitute removal or termination in violation of N.J.S.A. 40A:14-25, defendants rely on Ott v. Braddock, 119 N.J.L. 507, 197 A. 271 (E. & A.1938). In that case, the Court addressed the constitutionality of statutory provisions that created a preference in appointments to, or promotions in, fire and police departments in favor of persons previously dismissed or demoted for reasons of economy. Defendants explain that the rationale behind N.J.S.A. 40A:14-25 is to create a preferential group of people who had been previously removed from a fire department and who will now be chosen for new appointments based on the order in which they were removed. Defendants state that the statute applies to a decrease in the fire department based on economic reasons, and here, plaintiff was not dismissed for economic reasons.
The reality in this case, despite defendants' protestations, is that the Township dissolved the Fire District and created the Division of Fire purportedly for economic reasons. The distinction that defendants seek to create, that the new entity should not be burdened with a preferential group of people who had been previously removed, is not relevant here. Defendants did not eliminate the Captain's position. That was retained. It is difficult to discern the distinction asserted by defendants to justify eliminating a particular individual when as of January 1, 2007, the first day of the operation of the newly-created Division of Fire, the relevant position remains in place. We do not ascribe any malevolent motivation for not retaining plaintiff, but defendants' rationale for *350 not applying the employee's statutory protection is particularly unavailing.
Defendants also assert that Ziegler v. City Manager & City Council of Hackensack, 115 N.J.L. 328, 180 A. 225 (Sup.Ct. 1935), and Hoover v. Township Committee of East Brunswick, 69 N.J.Super. 211, 174 A.2d 95 (Law Div.1961), support their contention that plaintiff's statutory employment protections ceased upon dissolution of the Fire District. In Ziegler, supra, 115 N.J.L. at 331-32, 180 A. 225, the court concluded that the plaintiff had no membership or employment in a fire department except as incident to his office of fire chief. In Ziegler, the City abolished the office of fire chief and not the entire fire department. Here, the position of Captain remained and was then filled by a different individual. In Ziegler, the plaintiff served his entire tenure as fire chief, but in this case plaintiff rose through the ranks as a permanent paid firefighter who eventually became Captain. Ziegler provides little to support defendants' arguments.
In Hoover, supra, 69 N.J.Super. at 213, 174 A.2d 95, the governing body of the Township passed an ordinance establishing a full-time Township Police Department and then later passed an ordinance repealing the first one, followed by the establishment of a part-time Police Department. Former members of the full-time Township Police Department rejected offers to be appointed in the part-time Department and then filed an action in lieu of prerogative writs challenging the repeal. Id. at 213-14, 174 A.2d 95. Five years later, the officers heard that the Township was establishing a new full-time Department, and they filed a second lawsuit. Id. at 214, 174 A.2d 95.
In the first suit, the judge ruled in favor of the Township, finding that the positions of full-time officers had been abolished in favor of the part-time Department. Id. at 214, 174 A.2d 95. In the second suit, the judge ruled that for any right of reinstatement or preferential treatment to accrue to the former officers, "there must be some object in which it could be said to exist." Id. at 219, 174 A.2d 95. The judge concluded that if such a right did arise in favor of the officers, it did so when they were removed from office, but as of that day there was nothing in which it could exist because the full-time Police Department was abolished. Ibid. Likewise, Hoover is inapposite. Again, here a fire department continued to exist, albeit in a different form; the position of Captain remained as part of the table of organization. Hoover has no relevance to these facts.
Defendants argue "the independence of the Division of Fire" as a way to distinguish it as a new entity. They claim that the Township had a right to "dissolve an inefficient and costly municipal entity and replace it with a distinct entity which more appropriately suits its citizens['] needs and budget." Defendants' assertion is true, but the right to dissolve the Fire District is not the issue. The municipality may not fulfill its mission at the expense of a tenured fireman whose position is not being abolished. The Division of Fire is not hindered in fulfilling its obligation to provide fire services to its citizens by having to follow the tenure provisions that are applicable in N.J.S.A. 40A:14-19 and N.J.S.A. 40A:14-25. If the Division of Fire chooses to create fewer positions than those that were part of the Fire District, it may do so; however, these provisions mandate that firefighters be removed subject to certain rights including a written complaint and hearing, and when firefighting positions are decreased, that members be demoted based on the inverse order of their appointment. Nothing in our decision hinders or impedes the creation of an efficient Division of Fire that suits the *351 needs of the Township's citizens. If the Township is burdened with inefficiencies, it may and should deal with them in an appropriate manner. Positions still can be eliminated, firefighting costs can be lowered and employment can continue, but the changes will be governed by statutory seniority provisions.

C.
Defendants contend that in the absence of clear legislation to the contrary, the newly-created Division of Fire should not be required to absorb the employment obligations of the dissolved Fire District. We disagree.
Defendants argue that "[i]t is clear from the plain language of N.J.S.A. 40A:5A-20 that no provision is made for the assumption of employees of the dissolved entity, nor is there any requirement that the newly created entity preserve the tenure status of any employee of the dissolved entity." They assert that if the Legislature had intended to preserve the tenure status of any employee of a dissolved entity, the statute would have expressly provided for it. The argument fails to acknowledge in its first instance that there are tenure laws in place to protect firefighters.
Statutes dealing with the same subject should be read in pari materia and construed so that, to the extent possible, each can be given its full effect. Saint Peter's Univ. Hosp. v. Lacy, 185 N.J. 1, 14-15, 878 A.2d 829 (2005) (citing In re Adoption of a Child by W.P. and M.P., 163 N.J. 158, 182-83, 748 A.2d 515 (2000) (Poritz, C.J., dissenting)). In determining legislative intent, a court will "consider not only the particular statute in question, but also the entire legislative scheme of which it is a part." Kimmelman v. Henkels & McCoy, Inc., 108 N.J. 123, 129, 527 A.2d 1368 (1987). "[E]very effort should be made to harmonize the law relating to the same subject matter." In re Adoption of N.J.A.C. 7:26B, 128 N.J. 442, 469, 608 A.2d 288 (1992) (Garibaldi, J., concurring in part and dissenting in part) (quoting Superior Air Prods. Co. v. NL Indus., Inc., 216 N.J.Super. 46, 63-64, 522 A.2d 1025 (App. Div.1987), appeal dismissed, 126 N.J. 308, 598 A.2d 872 (1991)).
In addition, in deciding whether a particular regulation is statutorily authorized, a court "may look beyond the specific terms of the enabling act to the statutory policy sought to be achieved by examining the entire statute in light of its surroundings and objectives." N.J. Guild of Hearing Aid Dispensers v. Long, 75 N.J. 544, 562, 384 A.2d 795 (1978). Accord E.I. du Pont de Nemours & Co. v. State, Dep't of Envtl. Prot. & Energy, 283 N.J.Super. 331, 340, 661 A.2d 1314 (App.Div. 1995). "In this manner the Court considers whether the requisite authority is implied, if not expressed." Ibid. (citing N.J. Guild, supra, 75 N.J. at 562, 384 A.2d 795).
Defendants argue that the Legislature did not intend to burden a successor entity with the employment obligations of the predecessor entity. They explain that requiring the absorption of employees of a dissolved entity and preservation of those employees' tenure status would effectively preserve the inefficiency of the status quo and result in an ostensible change of form with no real change of substance. This argument fails to recognize that structural changes can be made in municipal government, N.J.S.A. 40A:5A-20, but tenure statutes not found in that provision remain in effect.
Defendants assert that the Township is not bound to hire employees from the dissolved Fire District, relying on Stone v. Township of Old Bridge, 111 N.J. 110, 543 A.2d 431 (1988). In that case, the Court *352 found a public position may be abolished for reasons of economy as long as it is done in good faith. Id. at 122, 543 A.2d 431. Accord Greco v. Smith, 40 N.J.Super. 182, 189, 122 A.2d 513 (App.Div.1956). Here, the Township restructured but did not abolish the position of Fire Captain. The Township could have abolished positions, but even if it had done so, it had to follow applicable law and place plaintiff in another position, perhaps bumping someone with less seniority.
Defendants' argument that LAFCL warrants a different conclusion is without merit. In addressing this issue, the trial judge concluded that the LAFCL does not contemplate the disposition of personnel issues. She stated that the Legislature, in enacting N.J.S.A. 40A:14-19 and N.J.S.A. 40A:14-25, provided specific procedures mandating the manner in which a municipality may terminate a permanent paid firefighter or reduce the force for reasons of efficiency or economy. In so ruling, she found that the LAFCL, which was intended to serve primarily as an economic mechanism, could not be construed to override statutory employment and tenure rights.
Defendants maintain that the judge erred in finding a conflict between the two statutory schemes because the dissolution of the Fire District is not tantamount to a termination or reduction in force of an existing municipal entity. Defendants' argument centers on their assertion that N.J.S.A. 40A:14-91 governs the dissolution of fire districts and since it does not create a rule of preferential hiring by successor divisions of fire, plaintiff has no claim. That is incorrect because this provision must not be read in a vacuum. The statutory provision simply serves as the enabling legislation to allow the municipality to take the first step in establishing the Division of Fire. The statute is silent as to employees, tenure rights or any of the issues involved here. To read Section 91 as anything more than what it is does violence to the statutory scheme that sanctioned the structural changes envisioned by the municipality.
To further support their contention that plaintiff had no right to continued employment, defendants argue that had the Township elected to enter into a shared service agreement with a neighboring town under the Interlocal Services Act, N.J.S.A. 40:8A-1 to -11, instead of creating the Division of Fire, the Township, as the contracting town, would not have been obligated to hire employees of the dissolved Fire District.[4]
Defendants claim that there is a provision, the repealed N.J.S.A. 40:8A-6.1, which addressed contracts for joint provision of law enforcement services between local units, that did not include fire departments. N.J.S.A. 40A:65-8 and N.J.S.A. 40A:65-17 now address the preservation of seniority, tenure and pension rights for law enforcement officers and do not include firefighters. But the Township did not enter into a shared services agreement; it chose a different structural change that implicated different statutory provisions and protections. Plaintiff's position of Captain remained, and the management of fire department services structurally changed within the Township.
We conclude that the Township's actions in terminating plaintiff from his position as Captain upon the creation of the Division of Fire violated his statutory rights, and *353 he is entitled to the relief ordered by the Law Division.
As to plaintiff's cross-appeal regarding the issue of counsel fees, we have carefully considered plaintiff's and defendants' arguments, and we find that the judge did not abuse her discretion in denying counsel fees. We affirm the denial of such fees for the reasons set forth in Judge Feinberg's thoughtful, supplemental opinion of September 5, 2007.
Affirmed.
NOTES
[1] Since the time of the events in question, Washington Township has been renamed Robbinsville.
[2] Pursuant to the Consolidated Omnibus Budget Reconciliation Act of 1985 (COBRA), 29 U.S.C.A. § 1161-69.
[3] Defendants also rely on an unreported opinion, Kearns v. Township of Bernards Sewerage Authority, L-1229-03, 2005 WL 1389172 (Law Div. June 9, 2005), aff'd o.b., A-129-05T3 (Apr. 19, 2006), certif. denied, 187 N.J. 492, 901 A.2d 955 (2006). Aside from the fact that the case is unreported and has no precedential value, R. 1:36-3, factually it has no application to the facts before us.
[4] The Legislature repealed the Interlocal Services Act and replaced it with P.L. 2007, c. 63, codified at N.J.S.A. 40A:65-1 to 65-35 as the Uniform Shared Services and Consolidation Act. However, defendants' argument would be the same under the new Act.