NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-0523-15T2

WILLIAM S. BARNETT,

 Plaintiff-Appellant,

v.

COMMISSIONERS OF FIRE
DISTRICT NO. 1 IN HARRISON
TOWNSHIP,

 Defendant-Respondent.
_____________________________________________

 Argued March 21, 2017 – Decided October 27, 2017

 Before Judges Messano and Guadagno.

 On appeal from the Superior Court of New
 Jersey, Law Division, Gloucester County,
 Docket No. L-1374-13.

 John F. Pilles, Jr., argued the cause for
 appellant.

 Eric J. Riso argued the cause for respondent
 (Platt & Riso, PC, attorneys; Mr. Riso, on
 the brief).

PER CURIAM

 Plaintiff William S. Barnett appeals from the August 21,

2015 order of the Law Division granting partial summary judgment
to defendant Commissioners of Fire District Number 1 in Harrison

Township, dismissing two counts of plaintiff's complaint with

prejudice.

 We repeat the essential facts from our prior opinion,

Harrison Twp. Fire Dist. v. Barnett, No. A-2950-13 (App. Div.

Apr. 22, 2015):

 William S. Barnett was employed by the
 Harrison Township Fire District (HFD) as a
 paid part-time firefighter. On February 28,
 2013, while off-duty, Barnett was leaving the
 parking lot of the Telford Inn when he hit a
 curb, causing him to lose control of his
 vehicle. He proceeded onto the grass in front
 of the Telford Inn before striking a utility
 pole. He attempted to continue onto Bridgeton
 Pike but the vehicle became disabled.

 Police responded and determined that
 Barnett was under the influence of alcohol.
 He was arrested and charged with driving while
 intoxicated (DWI), N.J.S.A. 39:4-50. On May
 2, 2013, Barnett pled guilty to DWI in
 municipal court and his driver's license was
 suspended for ninety days.

 As a condition of employment, HFD
 requires its employees to hold a valid
 driver's license. A disciplinary hearing was
 scheduled for May 31, 2013, to determine what
 sanctions would be imposed as a result of
 Barnett's DWI conviction. One week before the
 hearing was scheduled, HFD filed an order to
 show cause seeking to stay the disciplinary
 hearing. HFD also sought declaratory relief
 determining that Barnett, as an "at will"
 employee, was not entitled to notice or a
 hearing with respect to any disciplinary
 action HFD might take against him.

 2 A-0523-15T2
 The Law Division judge denied the motion
for a stay, finding that the only harm HFD
would suffer if the hearing went forward were
monetary damages, and that HFD had failed to
show that the law was settled or that there
was a likelihood of success on the merits.
The judge found that Barnett was entitled to
procedural due process, because his employment

 isn't employment subject to a term. . . .
 This is a position that Mr. Barnett took
 expecting that he would be continued in
 that employment, but for the fact that
 he was, perhaps, unwise in his conduct
 on a particular day, that job now appears
 to be in jeopardy.

 [H]e then, at least, has that reasonable
 expectation of continued employment that
 now gives him an opportunity to be able
 to now speak to the discipline that gets
 imposed against him.

 The disciplinary hearing went forward on
May 31, 2013. At the hearing, Barnett
conceded that he had pled guilty to DWI and
his license was suspended for ninety days.
Hearing Officer Todd J. Gelfand, Esquire,
found that HFD has the "lawful authority and
discretion to set forth and enforce job
requirements for its personnel in a rational,
non-discriminatory way . . . [and] has done
so by imposing a requirement of valid driving
privileges." Gelfand recommended that Barnett
be suspended for however long his license was
suspended (ninety days or longer) on the
ground of an inability to perform his duties.

 HFD had also filed a second charge
against Barnett of conduct unbecoming a public
officer. Gelfand found that HFD had failed
to provide sufficient notice to Barnett of the
additional disciplinary charge and
recommended that Barnett be disciplined only
on the basis of the "inability to perform

 3 A-0523-15T2
duties" charge. He made no recommendation as
to "misconduct or any other type of 'fault-
based' charge or charges." The Board of Fire
Commissioners of Harrison Township adopted
Gelfand's recommendation by resolution on
August 15, 2013.

 HFD then charged Barnett again with
conduct unbecoming, and sought his
termination. Gelfand conducted a second
disciplinary hearing on July 17, 2013. Relying
on municipal firefighter statutes, N.J.S.A.
40A:14-19 and 14-28.1, Gelfand concluded that
HFD was within its discretion to determine how
seriously it wanted to punish Barnett for his
off-duty misconduct. Gelfand recommended that
Barnett's removal from HFD be sustained. The
Board of Fire Commissioners adopted Gelfand's
second recommendation on August 15, 2013.

 The parties returned to the Law Division
on October 25, 2013, for argument on whether
HFD was required to afford Barnett a hearing
prior to imposing discipline. We have not
been provided with a transcript for this
hearing. As Barnett had already been provided
with notice and a hearing at the time of oral
argument, we are left to surmise that neither
party raised the issue of mootness before the
judge.

 On January 30, 2014, the judge placed an
extensive oral decision on the record
comprising fifty pages of transcript. The
judge supplemented the decision with a two-
page written summary dated January 31, 2014.

 The judge found that Barnett was entitled
to notice and a hearing but was an at-will
employee. The judge noted that although
N.J.S.A. 40A:14-17 created a presumption of
continued employment for municipal
firefighters, there was no corresponding
provision in the fire district statutes. As
such, the judge found that the notice and

 4 A-0523-15T2
 hearing protections afforded by N.J.S.A.
 40A:14-19 likewise applied only to municipal,
 but not fire district, employees.

 The judge determined that N.J.S.A.
 40A:14-28.1 explicitly mentions fire district
 employees to the extent that they may violate
 internal rules and regulations. As such, that
 provision "control[led] this case and
 obligated [HFD] to provide a timely complaint"
 notifying Barnett of the charges against him
 because Barnett was charged with violating
 HFD's internal rules and regulations.
 Implicit in that obligation was Barnett's
 "right to respond, which by other
 nomenclature, is 'a hearing.'" The judge was
 careful to clarify that no notice or hearing
 would be required to discipline an HFD
 employee charged with misconduct other than
 violating internal rules and regulations.

 [slip op. at 1-6].

 Barnett appealed, claiming "Paid or Part Paid Fire

Department and Force" includes those departments and forces

which are under direct municipal control as well as fire

districts. HFD cross-appealed maintaining the motion judge

erred when he determined that Barnett was entitled to a hearing

as to his suspension.

 Without reaching the merits, we dismissed the appeal as

moot. We noted that when Barnett's appeal was filed, an actual

controversy existed as to whether HFD was required to provide

Barnett with a hearing to discipline him. By the time the

appeal reached us, Barnett had been provided with two

 5 A-0523-15T2
disciplinary hearings; first, prior to his ninety-day suspension

on May 31, 2013, and then prior to his termination on July 17,

2013. Barnett, supra, slip op. at 9.

 While that appeal was pending, Barnett filed a complaint in

lieu of prerogative writs seeking reinstatement to employment

and damages. Barnett also alleged his removal violated the

Conscientious Employee Protection Act, N.J.S.A. 34:19-1 to

34:19-14, as it came in retaliation for his opposition to his

suspension and for filing an Open Public Records request (the

CEPA count).

 We permitted that litigation to proceed and noted that the

"parties are free in that other case to raise any germane

issues, including their mutual contention that the trial court's

legal analysis of Barnett's employment status is vague or

internally inconsistent." Id. slip op. at 12

 Defendants then moved for partial summary judgment, seeking

dismissal of the two non-CEPA counts. The motion judge granted

the motion and dismissed both counts, noting that he had

previously held that Barnett was an at will employee and, as

such, was not entitled to a disciplinary hearing.

 On appeal, Barnett argues:

 6 A-0523-15T2
POINT I

THE CLAUSE READING "PAID OR PART
PAID FIRE DEPARTMENT AND FORCE"
WITHIN N.J.S.A. 40A:14-19 INCLUDES
THOSE FIRE SUPPRESSION PERSONNEL
EMPLOYED BY FIRE DISTRICTS AS WELL
AS BY MUNICIPAL DEPARTMENTS.

POINT II

THE APPELLATE DIVISION HAS
PREVIOUSLY RECOGNIZED THE
APPLICATION OF N.J.S.A. 40A:14-19,
ET SEQ, TO FIRE DISTRICTS WHICH
PRECEDENT OUGHT NOT BE OVERRULED
AND/OR IGNORED.

POINT III

EVEN ASSUMING, ARGUENDO, THAT
N.J.S.A. 40A:14-19, ET SEQ, WAS
PROPERLY CONSTRUED AS LIMITED TO
MUNICIPAL "PAID OR PART PAID FIRE
DEPARTMENT OR FORCE," SAME SHOULD BE
MADE APPLICABLE TO FIRE DISTRICTS.

POINT IV

BY ONLY GIVEN EFFECT TO ONE PART OF
A UNIFIED STATUTORY SCHEME, THE
COURT BELOW CREATED AN INCONGRUOUS
RESULT.

POINT V

BOTH FIRE SUPPRESSION AND LAW
ENFORCEMENT PERSONNEL HAVE BEEN
CHARACTERIZED AS PARAMILITARY
ORGANIZATIONS ENGAGED IN ULTR-
HAZARDOUS EMPLOYMENT FUNCTIONS
PROVIDING ESSENTIAL PUBLIC NEEDS,
AND ACCORDINGLY, THE SAME TENURE
RIGHTS OUGHT BE PROVIDED TO
FIREFIGHTERS AS POLICE PERSONNEL

 7 A-0523-15T2
 REGARDLESS AS TO THE TYPE OR
 CHARACTERIZATION OF GOVERNMENTAL
 ENTITY FUNCTIONING AS PUBLIC
 EMPLOYER.

 POINT VI

 THE TRIAL JUDGE ERRED BY DECLINING
 TO REVIEW THE PROPERTY OF
 GOVERNMENTAL ACTION EXERCISED BY
 THE DISTRICT SUB JUDICE INCIDENTAL
 TO ITS TERMINATION OF BARNETT'S
 EMPLOYMENT.

 We "review[] an order granting summary judgment in

accordance with the same standard as the motion judge." Bhagat

v. Bhagat, 217 N.J. 22, 38 (2014). We "must review the

competent evidential materials submitted by the parties to

identify whether there are genuine issues of material fact and,

if not, whether the moving party is entitled to summary judgment

as a matter of law." Ibid.; R. 4:46-2(c). A trial court's

determination a party is entitled to summary judgment as a

matter of law is "not entitled to any special deference," and is

subject to de novo review. Manalapan Realty, L.P. v. Twp. Comm.

of Manalapan, 140 N.J. 366, 378 (1995).

 When evaluating a motion record, we view the facts in a

light most favorable to the non-moving party, "keeping in mind

'[a]n issue of fact is genuine only if, considering the burden

of persuasion at trial, the evidence submitted by the parties on

the motion . . . would require submission of the issue to the

 8 A-0523-15T2
trier of fact.'" Schiavo v. Marina Dist. Dev. Co., 442 N.J.

Super. 346, 366 (App. Div. 2015) (first alteration in original).

Summary judgment is appropriate "if the pleadings, depositions,

answers to interrogatories and admissions on file, together with

the affidavits, if any, show that there is no genuine issue as

to any material fact challenged and that the moving party is

entitled to a judgment or order as a matter of law." R. 4:46-

2(c).

 Barnett first argues that both municipal fire departments

and fire districts are protected by the rights granted in

N.J.S.A. 40A:14-19, which provides in pertinent part:

 Except as otherwise provided by law no
 permanent member or officer of the paid or
 part-paid fire department or force shall be
 removed from his office, employment or
 position for political reasons or for any
 cause other than incapacity, misconduct, or
 disobedience of rules and regulations
 established for the government of the paid or
 part-paid fire department and force, nor shall
 such member or officer be suspended, removed,
 fined or reduced in rank from or in office,
 employment or position therein except for just
 cause as hereinabove provided and then only
 upon a written complaint, setting forth the
 charge or charges against such member or
 officer.

"Fire department or force" is defined as "the officers and

members organized to fight fires in the municipality." N.J.S.A.

40A:14-55.

 9 A-0523-15T2
 Conversely, N.J.S.A. 40A:14-28.1 explicitly states that

 A person shall not be removed from employment
 or a position as a paid member of a paid or
 part-paid fire department or force, whether
 that department or force be created,
 established and maintained by a municipality,
 fire district, regional entity, county,
 authority, or the State, or suspended, fined
 or reduced in rank for a violation of the
 internal rules and regulations.

 [emphasis added.]

 N.J.S.A. 40A:14-28.1 also sets forth a requirement that a

complaint against an employee of the fire department must be

filed within forty-five days of receiving notice of the alleged

violation.

 The motion judge determined that if N.J.S.A. 40A:14-19

applied to municipalities and fire districts, the Legislature

would have referenced both. As a result, the judge determined

that Barnett was entitled to a hearing on the charge that he

violated internal rules and regulations by failing to maintain a

driver's license, however because he was an at-will employee for

the first district, he could be terminated without notice or a

hearing on the conduct unbecoming charge. We doubt that the

Legislature intended such inconsistency in enacting both

statutes.

 When interpreting a statute, we strive to "determine and

effectuate the Legislature's intent." Bosland v. Warnock Dodge,

 10 A-0523-15T2
Inc., 197 N.J. 543, 553 (2009). "[W]e look first to the plain

language of the statute, seeking further guidance only to the

extent that the Legislature's intent cannot be derived from the

words that it has chosen." Pizzullo v. N.J. Mfrs. Ins. Co., 196

N.J. 251, 264 (2008). "Regardless of whether the language is

plain or whether ambiguities cause us to seek guidance from

sources other than the words the Legislature has chosen, our

'primary task . . . is to effectuate the legislative intent in

light of the language used and the objects sought to be

achieved.'" Bosland, supra, 197 N.J. at 554 (quoting State v.

Hoffman, 149 N.J. 564, 578 (1997)).

 "[E]very effort should be made to harmonize the law

relating to the same subject matter. Statutes in pari material

are to be construed together when helpful in resolving doubts or

uncertainties and the ascertainment of legislative intent."

N.E.R.I. Corp. v. N.J. Highway Auth., 147 N.J. 223, 248-49

(1996). The principles of in pari materia apply in greatest

strength when the relevant statutes were enacted at the same

time, however "it may appropriately be applied even when the

statutes were adopted at different times and make no reference

to each other." Id. at 249 (quoting Mimkon v. Ford, 66 N.J. 426,

434 (1975)).

 11 A-0523-15T2
 Prior to 1971, N.J.S.A. 40:47-6 (currently codified at

N.J.S.A. 40A:14-19), provided, in relevant part, "[n]o person

shall be removed from office or employment in any . . . paid

fire department of any such municipality nor shall any member of

any municipal part paid fire department who is permanently

employed by the municipality at a fixed annual salary." N.J.S.A.

40:47-6 (repealed 1971). In 1971, this statute was recodified

and reflects the current language of N.J.S.A. 40A:14-19 with

respect to the term "paid or part-paid fire department or

force." Further, N.J.S.A. 40A:14-70 was implemented to allow

the creation of fire districts. In passing these statutes, the

Legislature intended to "eliminate[] duplication and

inconsistency" and provide an "orderly clarification of the laws

concerning county and municipal fire and police departments."

S.B. 626, L. 1971, c. 197.

 The current version of the statute eliminated the phrases

"fire department of any such municipality" or "municipal part

paid fire department" and solely refers to a "paid or part-paid

fire department." That this change occurred during the same

amendments that provided the statutory language to create

districts, suggests that the statute was revised to include both

municipal and fire districts.

 12 A-0523-15T2
 Additionally, N.J.S.A. 40A:14-28.1 was added in 2006, to

"apply to firefighters employed by municipal fire departments;

municipal fire districts; regional fire districts; . . . a

county; or the State." A. 1550.

 In Varsolona v. Breen Capital Servs., 180 N.J. 605, 623

(2004), the Court held that "subsequent legislation may be used

by a court as an extrinsic aid when seeking to discern earlier

legislative intent." In addition, statutory construction

principles support "preference of a more specific and more

recently enacted section of a statute" to aid in determining

legislative intent. State v. One 1976 Pontiac Firebird, 168 N.J.

Super. 168, 176 (App. Div. 1979).

 N.J.S.A. 40A:14-28.1 was enacted approximately thirty-five

years after the recodification of N.J.S.A. 40A:14-19, and we

must view the more recent statute, and its inclusion of both

municipal fire departments and fire districts, in determining

that members of both organizations have a right to hearing under

N.J.S.A. 40A:14-19.

 Further, in applying the principles of in pari materia, the

subsections of the statute should be read together to resolve

any inconsistency or ambiguity. See N.E.R.I. Corp., supra, 147

N.J. at 249. This logic follows even though the statues were

implemented at different times, in this case almost thirty-five

 13 A-0523-15T2
years apart. See ibid. The above statutes both reference the

same subject matter, which includes disciplines and complaints

against employees of fire departments, therefore the statutes

should be applied in harmony, and to reflect a single

legislative intent.

 Barnett relies on Horsnall v. Washington Twp. Div. of Fire,

405 N.J. Super. 304 (App. Div. 2009). In Horsnall, the

defendant township dissolved the fire district and created a

division of fire within the department of public safety. Id. at

309. All fire district employees were notified that they had to

apply to the township for employment to serve in the division.

 Horsnall, a former captain of the fire district applied for

the position of captain in the newly created division, but was

not offered a position and was effectively terminated. Id. at

308-10. After Horsnall filed a complaint in lieu of prerogative

writs seeking reinstatement, a judge ordered reinstatement with

back pay. Id. at 310. The township appealed and we affirmed,

concluding that the creation of the Division of Fire to replace

a previously existing fire district did not eliminate a fire

district fireman's statutory tenure protections under N.J.S.A.

40A:14-19 and 40A:14-25. Id. at 308-9. We held:

 If the Division of Fire chooses to create
 fewer positions than those that were part of
 the Fire District, it may do so; however,

 14 A-0523-15T2
 these provisions mandate that firefighters be
 removed subject to certain rights including a
 written complaint and hearing, and when
 firefighting positions are decreased, that
 members be demoted based on the inverse order
 of their appointment.

 [Id. at 319.]

 While the facts of Horsnall are distinguishable, we held

there that the protections of N.J.S.A. 40A:14-19 apply to

employees of a fire district. Ibid. We are satisfied that the

Legislature intended for the notice and hearing requirements to

apply to both municipal fire departments and fire districts

alike and when a firefighter of a fire district is terminated,

the firefighter is entitled to the statutory protections of

N.J.S.A. 40A:14-19.

 We reverse the order granting summary judgment and remand

for proceedings consistent with this opinion. We do not retain

jurisdiction.

 15 A-0523-15T2